JOHN M. DAVEY ET AL., APPELLANTS, V. THE COUNTY OF DAKOTA ET AL., APPELLEES.

1.   **Petition:** DEMURRER.   A demurrer to a petition will not lie for a misjoinder of parties plaintiff.

2.   **Specific Performance:** PARTIES.   Where the owners of two adjoining tracts of land made a joint proposition to sell said land to D. county for a poor farm, which proposition was accepted, *Held*, That such owners could join in an action to enforce said contract.

46

3. ———: ———: ACTION AGAINST COUNTY. Where a board of county commissioners, in pursuance of lawful authority, invite and accept bids for a poor farm, to be paid for out of funds in the treasury for that purpose, the vendors may enforce specific performance of such contract against the county.

APPEAL from the district court of Dakota county. Heard below before CRAWFORD, J.

*Barnes Bros.*, for appellants.

*Isaac Powers, Jr.*, and *M. C. Jay*, for appellees.

MAXWELL, CH. J.

This action was brought by the plaintiffs against the defendants in the district court of Dakota county to compel the specific execution of a contract which it is alleged the defendants entered into with the plaintiffs. A demurrer to the petition was sustained in the court below, and the action dismissed. The plaintiffs appeal.

It is alleged in the petition, in substance, that at a regular meeting of the board of county commissioners of Dakota county it was deemed and determined that it was necessary and for the best interest of said county to purchase and maintain a poor farm for the care of the county poor of said county; and in that behalf said board did, on the 20th day of June, 1884, levy a tax of three mills on the dollar valuation of the taxable property of said county for the purpose of purchasing and maintaining said poor farm; that said tax has been collected, and there is now in the hands of the treasurer of said county for the payment of said poor farm the sum of $2,000; that in pursuance of said purpose to purchase a poor farm said board did, on the 8th day of November, 1884, order the clerk of said county to advertise for bids to furnish land for said farm, and that said advertisement was duly published as required by law; that the plaintiffs, in pursuance of the terms of

the advertisement, then being the owners of the following described lands, to-wit: John M. Davey being the owner of the east half of the south-west quarter of section 13, township 28, range 6 east, in fee, and Patrick Twohig being the owner in fee of the west half of the south-east quarter of section 13, township and range aforesaid, "all constituting a single tract or body of land situated in said county, and being suitable for a poor farm, jointly and acting together, did put in and submit to said board a proposition in writing to sell said body of land to said county of Dakota for the purpose of a poor farm; that on the 13th day of December, 1884, said board accepted said proposition and caused said acceptance to be entered on their records; said entry being as follows: "And now at this time in the matter of bids for a poor farm the board of commissioners have accepted the bid of Patrick Twohig for the W. ½ of S. E. ¼ of section 13, town 28, of range 6 east, containing 80 acres, at $12 per acre, providing the title to said land is perfect, said Twohig to furnish an abstract of title; also the bid of John M. Davey for the E. ½ of the S. W. ¼ of section 13, township 28, of range 6 east, containing 80 acres, at $7.50 per acre, providing the title to said land is perfect, said J. M. Davey to furnish an abstract of title. That on the 31st of December, 1884, said board, acting for the county of Dakota, duly accepted said bids and purchased said lands for the prices above stated, amounting in the aggregate to the sum of $1,560; that the acceptance of said bids and the making of said order and purchase constituted one and the same transaction in and about the purchase of said poor farm."

The plaintiffs then allege that they duly performed all and every part of the agreement on their part to be performed, and that said lands were free from all liens and incumbrances, and that the plaintiffs' title to the same was and is perfect; but that the defendants refuse to perform the contract on their part. The prayer is that the defend-

ants be required to specifically perform said contract, accept said deed, and pay the plaintiffs the purchase price with interest. There is a further prayer that the premises be sold, and for judgment for deficiency, etc., and also for general relief.

The demurrer is upon the grounds—1st, that the petition does not state facts sufficient to constitute a cause of action; and 2d, a misjoinder of parties plaintiff.

The grounds of demurrer to a petition are prescribed by section 94 of the code, and are—1st, that the court has no jurisdiction of the person of the defendant or the subject of the action; 2d, that the plaintiff has not legal capacity to sue; 3d, that there is another action pending between the same parties for the same cause; 4th, that there is a *defect* of parties plaintiff or defendant; 5th, several causes of action improperly joined ; 6th, that the petition does not state facts sufficient to constitute a cause of action.

It will be seen that while misjoinder of causes of action is a cause for demurrer, a misjoinder of plaintiffs is not. The second ground of demurrer, therefore, is not well taken.

The correctness of the ruling of the court on the first ground of demurrer depends upon the authority of the defendants to enter into the contract set up in the petition.

Sec. 17 of chapter 67, Compiled Statutes, provides that, "the county commissioners of each county are authorized, whenever they shall see fit to do so, to establish a poorhouse."

Sec. 18 provides that, "the county commissioners are hereby authorized to take to the county by grant, devise, or purchase any tract of land not exceeding six hundred and forty acres, for the purposes of said poor farm."

Sec. 19 authorizes the commissioners to receive donations to aid in the establishment of a poor-house, and to levy from time to time not to exceed one per cent for the purpose of paying for the land, and to erect and furnish buildings suitable for a poor-house, and to put in operation and defray the actual expenses of such poor-house.

Sec. 22 requires the title to the property to be made to the county.

Sec. 23 provides that, "the county commissioners of any county in this state may, at any regular meeting, if they at any time shall deem it to the interest of said county, appropriate out of any funds appropriated to said county for any (that) purpose, or other money belonging to said county, any sum not exceeding two thousand five hundred dollars for the purpose of purchasing a farm and erecting suitable buildings for a poor-house for said county," etc.

The county commissioners therefore had authority to purchase the land in question, and as the contract appears to be fair in all respects the county should act in good faith and perform on its part.

Some objection is made to the prayer of the petition, as not asking appropriate relief. While the prayer is much broader than the relief to which the plaintiffs are entitled, still that is not ground of demurrer. It is sufficient to afford all the relief to which the plaintiffs are entitled. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.