County of Lancaster v. Rush.

---

THE COUNTY OF LANCASTER ET AL., APPELLEES, V.
ELLEN RUSH ET AL., APPELLANTS.

[FILED JUNE 30, 1892.]

1. **Tax Liens:** FORECLOSURE BY COUNTY. Under the statutes in force since February 15, 1877, a county treasurer is not compelled to seize and sell personal property of the taxpayer for real estate taxes before offering the realty.

County of Lancaster v. Rush.

2. ———: ———. The proviso clause of section 1, article IV, chapter 77, Compiled Statutes, restricting the foreclosure of tax liens by counties to cases where the amount due on the tax certifi-cate exceeds the sum of $200, is inimical to the provisions of section 4, article IX, of the constitution, and is void.

3. ———: ———. Power is conferred upon counties to foreclose tax liens by sections 1 and 2, article V, chapter 77, Compiled Statutes.

4. **Demurrer:** A MISJOINDER of parties plaintiff is not a cause for demurrer.

5. **Tax Liens:** FORECLOSURE: IRREGULAR ASSESSMENT. In 1869 the town of L. was incorporated, and there was included in its boundaries certain agricultural lands not platted. Subsequently it was incorporated as a city of the first class, including the same unplatted lands, and the proper city authorities assessed the lands in question and levied taxes thereon for municipal purposes. The lands were subsequently sold for taxes, and a tax certificate was issued to the purchaser. In an action to fore-close the tax lien it was *held*, that the action of the county com-missioners incorporating the town was not void, though the un-platted lands were included, and that the taxes in question were valid.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

J. R. Webster, for appellant, cited: Peet v. O'Brien, 5 Neb., 362; Johnson v. Hahn, 4 Id., 139; Pettit v. Black, 8 Id., 59; Lyman v. Anderson, 9 Id., 378; Miller v. Hur-ford, 11 Id., 377; Neb. City v. Gas Co., 9 Id., 346; Cooley, Taxation, 13, 359, 364; Jones v. Robbins, 8 Gray [Mass.], 339; Campau v. City, 14 Mich., 285; Slauson v. Racine, 13 Wis., 451; State v. Dousman, 28 Id., 547; State v. Lan-caster, 17 Neb., 85; Lathrop v. Mills, 19 Cal., 514; Att'y Gen'l v. Harris, 19 Nev., 222.

R. D. Stearns, N. Z. Snell, G. M. Lambertson, H. J. Whitmore, A. W. Scott, and Westermann, Low & Gould, contra, cited: Kittle v. Shervin, 11 Neb., 67; Wood v. Hel-mer, 10 Id., 68; Turner v. Althaus, 6 Id., 54; Clother v.

*Maher*, 15 Id., 6; *Otoe Co. v. Brown*, 16 Id., 400; *Davey v. Dakota City*, 19 Id., 724; *Stuart v. Kalamazoo*, 30 Mich., 69; *People v. Maynard*, 15 Id., 463; *Shumway v. Bennett*, 29 Id., 452; *S. Platte Land Co. v. Buffalo Co.*, 15 Neb., 605; *Blanchard v. Bissell*, 11 O. St., 96; *People v. Carpenter*, 24 N. Y., 86; *Powers v. Co. Com'rs*, 8 O. St., 285; *Kountz v. Omaha*, 5 Dill. [U. S.], 443; *Mathis v. Boggs*, 19 Neb., 698; *Lawton v. Steel*, 7 L. R. A. [N. Y.], 134; *State v. Tuttle*, 53 Wis., 45; *Santo v. State*, 2 Ia., 165; *Robinson v. Bidwell*, 22 Cal., 379; *Muldoon v. Levi*, 25 Neb., 457.

NORVAL, J.

On the 22d day of May, 1884, lot 6, in block 3, in Lavender's addition to Lincoln, now part of lots 16 and 17, in block 3, McMurtry's addition to Lincoln, was purchased by the county commissioners for the delinquent taxes due thereon for the years 1870, 1881, and 1882, and for city taxes for the years 1872 and 1875, amounting to $11.27, including interest and penalty, and a tax certificate was duly issued. This suit was brought by the appellees to foreclose the tax lien. The petition contains a table of the items of county and state taxes, and of city tax of each year, and alleges that the sum due is $27.42. A motion was filed to strike out of the petition all items of tax of the year 1872 and prior years, which was overruled and defendants excepted. To the petition a demurrer was filed that:

1. The petition does not state a cause of action.

2. That the claim does not amount to $200.

3. That parties plaintiff are improperly joined.

4. Because no part of the tax is paid by either of plaintiffs.

This demurrer being overruled, the appellants answered, pleading three defenses:

1. That the claim is less than $200.

2. That plaintiffs are improperly joined.

3. That the city tax is invalid, because Lavender's addition was not legally within the corporate limits of the city of Lincoln at the time the city taxes were levied on said lot.

There was a demurrer to the first and second defenses, which was sustained and defendants excepted, and to the third defense the plaintiffs replied by a general denial. The cause was tried to the court, and judgment was rendered for the plaintiffs for the full amount claimed in the petition.

The defendants' motion to strike out of the petition all items of taxes levied prior to and including the year 1872 was properly denied. The basis of the motion is that the taxes for said years were levied under a statute requiring county treasurers to seize and sell personal property for real estate taxes, and the petition omits to allege an attempt and failure to make the tax by distress and sale of chattels. The provisions of sections 49 and 50 of the revenue law, approved February 15, 1869, and amended June 6, 1871, making it necessary to exhaust the personal property by distress and sale before the realty should become liable for the taxes assessed upon it, were repealed by an act of the legislature of this state, approved February 15, 1877. (Session Laws 1877, p. 43.) This act took effect prior to the sale of the real estate for taxes, May 22, 1884, and the failure of the appellees to allege an attempt to collect the tax by distress of goods is immaterial. Since the taking effect of the repealing act a county treasurer is not compelled to seize and sell the personalty of the taxpayer for real estate taxes before selling the real estate. (*Kittle v. Shervin,* 11 Neb., 65; *State v. Cain,* 18 Id., 631.)

It is urged that the petition did not allege a cause of action, because the amount claimed to be due upon the tax certificate does not amount to $200. The precise question was before the court in *County of Lancaster v. Trimble,* 33 Neb., 121, decided at the present term, and the same

case upon rehearing, 34 Neb., 752, and it was held that the proviso clause of section 1, article 4, chapter 77, Compiled Statutes, restricting the foreclosure of tax liens by counties to cases where the amount due on the tax certificate exceeds the sum of $200, is inimical to the provisions of section 1, article 9, of the constitution. The conclusion there reached is sound. The constitution requires that all the taxable property in the state shall contribute its proportionate share of taxes, and prohibits the legislature from releasing the property of an individual from the taxes imposed thereon. The only remedy for the enforcement of the collection of the tax levied on the real estate in question is by foreclosure proceedings, and if such action cannot be maintained because the amount due is less than $200, then said real estate is released from said taxes, and an increased burden will necessarily fall upon other property. We adhere to the conclusion of the court announced in the second hearing of *Lancaster County v. Trimble, supra*, to the effect that in addition to the special provisions of statute providing for the foreclosure of a tax lien by a county, the power is conferred by sections 1 and 2, article 5, chapter 77, Compiled Statutes.

The third point of the appellants' demurrer to the petition was rightly overruled. A misjoinder of parties plaintiff is not a cause for demurrer. (*Davey v. Dakota Co.*, 19 Neb., 721.) The city of Lincoln had an interest in the amount due on the tax certificate to the extent of the unpaid delinquent city taxes against the lot. Under section 40 of the Civil Code all persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiff." It was not necessary, however, that the city should be made a party plaintiff. The action could have been prosecuted in the name of the county to collect the entire delinquent taxes levied for state, county, school district, municipal, and other purposes. In such case the county treasurer, when the money

is collected, is required to account and pay over to the state treasurer, school district treasurer, and city treasurer the proportion of the amount actually received due each. The city of Lincoln being a party to the suit, the court found what portion of the whole amount was due it. The appellants were not prejudiced thereby.

It is finally urged that the city tax imposed upon this lot is void, for the reason that the lot was not at the time within the limits of the city of Lincoln, and therefore was not properly taxable for municipal purposes. On the 7th day of April, 1869, the county commissioners of Lancaster county, upon a petition presented them for that purpose, incorporated the town, now city, of Lincoln, which included in its boundaries the east half of the northwest quarter of section 25, town 10 north, range 6 east. This tract in 1869 was occupied by the owner as a farm. It had not yet been platted or subdivided, nor was it used for urban purposes. Subsequently, on the 22d day of April, 1869, the owner of the land made, executed, and filed for record a plat known as Lavender's Addition to Lincoln, which included a portion of said tract. Lots were subsequently conveyed in said addition by Luke Lavender, the proprietor, with reference to that plat. The lot on which the tax which is in controversy in this suit was in the said east half of the northwest quarter of section 25.

Counsel for appellants contend that said tract was not legally taken into the corporate limits, for the reason that the commissioners had no authority to take into the boundaries of the town ground in excess of ten acres not platted or subdivided nor used for urban purposes, and for that reason the tax was unauthorized and void. The same question was passed upon by this court in *McClay v. City of Lincoln*, 32 Neb., 412; and it was held that the action of the county commissioners incorporating the town of Lincoln was not void, although lands not platted, but used for agricultural purposes, were included in the boun-

daries of the corporation, and that where the proper authorities of Lincoln have assessed and levied taxes on such unplatted lands for municipal purposes, which were subsequently paid by the owners under protest and notice, an action could not be maintained by them to recover the taxes thus paid. The question was carefully considered in that case, and numerous precedents are cited which sustain the conclusion reached. The decision is authority for holding that the city taxes involved in this case are valid. The judgment of the district court is

AFFIRMED.

THE other judges concur.