(37 Misc. Rep. 521.)

BOSTON BASEBALL ASS'N et al. v. BROOKLYN BASEBALL CLUB et al.

(Supreme Court, Special Term, New York County.   March, 1902.)

1. EQUITY—JURISDICTION—INJUNCTION.

The supreme court has jurisdiction, under Code Civ. Proc. § 603, authorizing an injunction where defendant threatens or is about to do an act in violation of plaintiff's rights respecting the subject of the action, in a suit by certain baseball clubs, members of an unincorporated voluntary association formed under an agreement between the plaintiffs and certain other baseball clubs, defendants, to prevent the latter from violating the agreement, and to avoid an alleged illegal election by them of a person as officer of the league, and to restrain him from acting as such.

2. SAME—DEMURRER.

Where a complaint states a cause of action of which the court has jurisdiction against the defendant demurring thereto for want of jurisdiction, the demurrer will be overruled, no matter how numerous the defendants may be.

3. CORPORATIONS—RIGHT TO SUE.

An incorporated foreign or domestic ball club has a right to sue as a corporation.

4. ASSOCIATIONS—ACTION BETWEEN MEMBERS.

The rule that one partner cannot sue another to prevent him from exercising his rights concerning firm property or affairs does not apply to actions between members of an unincorporated association.

5. DEFECT OF PARTIES—DEMURRER.

A defendant cannot by demurrer raise the question that another defendant is an improper party, where he does not demur.

6. ASSOCIATIONS—ACTION BY MEMBERS—TITLE TO OFFICE.

An action by certain members of an unincorporated association to restrain certain other members thereof from illegally electing an officer to take charge of the business of the association is not an action to determine title to office, to be brought by the people, within Code Civ. Proc. §§ 1948, 1984.

Action by the Boston Baseball Association and others against the Brooklyn Baseball Club and others.   Demurrer to complaint overruled.

Nicoll, Anable & Lindsay, for plaintiffs.

Redding, Kiddle & Greeley, for defendant Spalding.

John M. Ward, for demurrant.

TRUAX, J.   The defendant Albert G. Spalding demurs to the complaint herein upon the grounds that this court has not jurisdiction of the subject of the action, that the defendants have not legal capacity to sue, that there is a defect of parties plaintiff, that there is a defect of parties defendant, and that the complaint does not state facts sufficient to constitute a cause of action.

As to the first ground of demurrer, the complaint alleges, among other things, that three of the plaintiffs and the defendants the Brooklyn Baseball Club, the Chicago League Baseball Club, the Pittsburgh Baseball Club, the Philadelphia Baseball Club, Limited, together with five other baseball clubs, entered into a written agreement with one another at the city of New York, and by entering into said agreement formed a voluntary unincorporated association; that thereafter one of said five other clubs withdrew from said asso-

ciation, and one of the plaintiffs (the St. Louis Baseball Club) was admitted to the said association in place of said withdrawing member, and became a party to said agreement; that then four of said clubs withdrew from said association in the manner provided in said agreement; that the eight clubs above named have ever since been, and now are, the sole members of said association, which association is known as the National League & American Association of Professional Baseball Clubs; that said National League has in its possession funds and assets, the property of its members, amounting to upwards of $12,000; that the rights of each of the league clubs under said agreement of the said National League are of great pecuniary value to them, respectively; that the defendant Nicholas E. Young is the president-secretary-treasurer of the said National League, duly elected at the annual meeting thereof in the year 1900, since which time no election has been had; that the written agreement above referred to is known as the "Constitution of the National League & American Association of Professional Baseball Clubs"; that the said constitution provides for the election of the president-secretary-treasurer of said association at the annual meeting, and that a representation of a majority of the clubs shall constitute a quorum for business (section 62 of the constitution); that at a meeting held in the city of New York in December, 1901, the four defendant baseball clubs, in the absence of a quorum, claimed to elect, and that the defendant Spalding claimed that he was elected president-secretary-treasurer of said National League; that said Spalding has taken into his possession the books, records, and papers of said National League, and is threatening and is about to take possession of the funds and other assets of said league, and to exercise all the powers conferred by the constitution of said National League upon the president-secretary-treasurer thereof; and that the plaintiffs have no adequate remedy at law for the redress of the injuries threatened by the said Spalding. The complaint then demands that the pretended election of the said Spalding be declared to be null, void, and of no effect; that the said Spalding be perpetually enjoined and restrained from exercising any of the powers of president-secretary-treasurer or other officer of said National League, or from taking into his possession the property or funds of said league, and from doing anything, as such president-secretary-treasurer or other officer, to the injury of the rights of the plaintiffs, or any of them; that the defendant Young be perpetually enjoined and restrained from delivering or surrendering to said Spalding any of the books, records, property, or effects of the said National League; and that the defendant corporations be perpetually enjoined and restrained from suffering, aiding, abetting, or assisting the said Spalding in exercising any power over the affairs of said league. In determining whether or not the court has jurisdiction of the subject of the action, it is not necessary to determine whether the complaint states a cause of action either against some of the defendants or all of the defendants. The demurrer must be overruled if the complaint states a cause of action of which the court has jurisdiction against the defendant who demurs. That defendant, the complaint

says, is a person who seeks unlawfully to exercise the duties of the office of president-secretary-treasurer of an unincorporated association created in the state of New York, to the irreparable injury of the plaintiffs herein; and they ask, among other things, that he be enjoined from doing the acts that he threatens to do. If the defendant Spalding is not lawfully elected president of the unincorporated association above referred to, he has no right to do what the complaint alleges he threatens to do; and, if the facts alleged in the complaint are true,—and for the purposes of this demurrer they are deemed to be true,—he is not the duly elected president-secretary-treasurer of the unincorporated association. The cause of action against the defendant Spalding is the one stated in section 603 of the Code of Civil Procedure, namely, an action in which the plaintiff demands judgment against the defendant, restraining the commission or continuance of an act the commission or continuance of which during the pendency of the action would produce injury to the plaintiff. Of such action the courts have long had jurisdiction. Moreover, the paper annexed to the complaint, and called the "Constitution of the National League of American Association of Professional Baseball Clubs," constitutes, and is in fact, nothing more than an agreement between the plaintiffs and the four defendant baseball clubs. This agreement, the complaint, in effect, alleges, the defendants the baseball clubs threaten to violate, to the irreparable injury of the plaintiffs. This violation the plaintiffs seek to prevent by this action.

The next ground of demurrer is that the plaintiffs have no legal capacity to sue. The complaint alleges, among other things, that plaintiffs are corporations created by and existing under the laws of different states of the Union. The capacity to sue or right to sue is one of the necessary incidents of all corporations. 7 Am. & Eng. Enc. Law (2d Ed.) 848, and cases therein cited. Here it does not appear on the face of the complaint that the corporations have not the right to sue, and the defendant can demur on that ground only when that fact appears on the face of the complaint. Bank v. Donnell, 40 N. Y. 410.

It is claimed by the demurring defendant that inasmuch as the National League agreement in many respects constitutes a copartnership, the plaintiff copartners, as four of such partners, have no right to sue their four copartners in this action for a permanent injunction to restrain them from exercising in any respect any rights concerning the copartnership property, assets, or affairs. This contention is untenable. The National League is not a joint-stock company nor a corporation nor a copartnership, and therefore the four corporation plaintiffs and the four corporation defendants have not attempted to do what the law says they shall not do. It is expressly held by the court of appeals in the case of Ostrom v. Greene, 161 N. Y. 353, 55 N. E. 919, that an unincorporated association is not a copartnership.

The third ground of demurrer is that there is a defect of parties plaintiff. The grounds stated by the demurring defendant in this demurrer are contained in some 11 folios, and they are, as I understand them, that the action is brought for the benefit of all the corporations,

plaintiff and defendant, and that the baseball clubs should have been joined as plaintiffs, or the complaint should have averred that the four, defendant baseball clubs were invited to become plaintiffs and refused, and were therefore joined as defendants, or that the plaintiffs should have brought their action by suing in their own name on behalf of themselves and all the other members of said association, as provided by section 448 of the Code of Civil Procedure; that the action is, brought for the purpose of determining the title to an office of a voluntary association, and that said voluntary association is a party united in interest with the baseball clubs, plaintiffs and defendants, and should have been joined as party plaintiff, or else made a party defendant, and the reason therefor stated in the complaint. I am of the opinion that this demurrer cannot be sustained. There is no defect of parties plaintiff. The complaint alleges, among other things, that the defendants the baseball clubs are aiding and abetting the defendant Spalding in his acts to the injury to the plaintiffs, and the action is brought to restrain them from aiding and abetting said defendant Spalding. The action is against them as well as against Spalding. The action is not brought to determine the title to an office, because, if the allegations of the complaint are true,—and for the purposes of this demurrer they must be taken as true,—the defendant Young is still the president-secretary-treasurer of the association, and the action is brought to restrain him from turning the property of the association which he now has in his possession over to the defendant Spalding. Of course, he cannot be plaintiff in such an action.

The substance of the fourth ground of demurrer is that the National League & American Association of Professional Baseball Clubs should have been made a party defendant. I do not think that that association is a necessary party. No facts are stated in the complaint which would entitle the plaintiff to any relief against the said unincorporated association, and in fact no relief is asked against it. But if the complaint does not state a cause of action against the defendant Young or the defendant the National League of American Association of Professional Baseball Clubs, that fact cannot be considered in determining a demurrer to the complaint because of a defect of parties defendant. The defect for which a demurrer lies means "too few," and not "too many," parties. Barnes v. Blake, 59 Hun, 371, 13 N. Y. Supp. 77; Paxton v. Brogan (Sup.) 10 N. Y. Supp. 303, 12 N. Y. Supp. 563. It has frequently been held that one defendant cannot by demurrer raise the question that another defendant who does not demur is improperly made a party to the suit. Bradner v. Holland, 33 Hun, 288; Railroad Co. v. Schuyler, 17 N. Y. 592.

The fifth ground is that the complaint does not state facts sufficient to constitute a cause of action. I think I have shown, in discussing the first ground of demurrer, that the complaint does state sufficient facts to constitute a cause of action.

It is also contended that this action is an action to determine a title to an office, and therefore should be brought in the name of the people of the state, and as provided by sections 1948 and 1984 of the Code of Civil Procedure. This claim is untenable, because these sections relate to corporations, and not to unincorporated associations.

Subdivision 1 of section 1948 provides that the action therein mentioned may be brought "against a person who usurps, intrudes into, or unlawfully holds or exercises within the state * * * an office in a domestic corporation." The case of People v. Loew, 19 Misc. Rep. 248, 44 N. Y. Supp. 42, does not hold that an action may be brought under section 1948 to determine a title to an office. That action was brought under subdivision 3 of that section against certain persons who were assuming to act as a corporation within the state without being duly incorporated,—who were assuming to exercise within the state certain corporate rights, privileges, or franchises not granted to them by the law of the state. Demurrer overruled, with leave to the defendant to withdraw the demurrer and answer on payment of costs.

Demurrer overruled, with leave to defendant to withdraw and answer on payment of costs.