MAYHALL & NEIBLE, APPELLEE, V. CHICAGO, BURLINTON & QUINCY RAILROAD COMPANY, APPELLEE: UNION STOCK YARDS COMPANY, APPELLANT: WALKER D. HINES, DIRECTOR GENERAL OF RAILROADS, APPELLEE.

FILED NOVEMBER 17, 1921. No. 21620.

1.  Appeal: MISJOINDER. A complaint that there has been a misjoinder of parties defendant should be called to the attention of the district court before trial, and it is too late to raise this objection for the first time in the appellate court.

2.  Carriers: FAILURE TO DELIVER SHIPMENT: NEGLIGENCE. Under the Carmack amendment to the interstate commerce act (34 U. S. St. at Large, ch. 3591, p. 584), in order to recover against an initial carrier for loss or damage to an interstate shipment, it is unnecessary to establish negligence on its part.

3.  ———: ———: INSTRUCTIONS. In an action against the initial and a connecting carrier for damages for failure to deliver cattle shipped, the court instructed the jury that the liability of the defendants "is not a joint liability," and in other instructions suggested or implied that a verdict for the plaintiff against all of the defendants was proper. Held that, under the pleadings and the evidence, the first instruction was correct, and that the latter was inconsistent with it. Held, further, that the error was prejudicial to the defendant, whose liability was not established by the proofs, and against whom a judgment was rendered.

4.  ———: COSTS: ATTORNEY'S FEES. It is a prerequisite to the allowance of an attorney's fee under the provisions of section 6063, Rev. St. 1913, as amended by chapter 134, Laws 1919, that the requirements of said section with reference to the presentation of the claim to the carrier accompanied by bill of lading, etc., within the time specified, be observed.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed in part and reversed in part.*

*Brown, Baxter & Van Dusen,* for appellant.

*Byron Clark, Jesse L. Root, J. W. Weingarten, Brogan, Ellick & Raymond* and *Douglas F. Smith, contra.*

Heard before MORRISSEY, C.J., LETTON, DAY, DEAN, ROSE, FLANSBURG and ALDRICH, JJ.

LETTON, J.

This action is brought to recover damages for failure to deliver certain cattle. The petition alleges that on the 13th day of January, 1919, plaintiff delivered to the defendant, the Union Stock Yards Company, at South Omaha, about 35 head of cattle for transportation to Edinburg, Indiana, to be delivered there to plaintiff; that it took possession of cattle and undertook to deliver them to the Chicago, Burlington & Quincy Railroad Company; that it delivered a car into which the cattle had been loaded to said last-named defendant, and plaintiff paid the last-named defendant the charges for transportation of the live stock to Edinburg. It is charged that the cattle delivered by plaintiff at Omaha were never delivered, but wholly different cattle greatly inferior in weight and quality were delivered at Edinburg, to the damage of plaintiff in the sum of $928.24.

The answer of the director general of railroads alleges, in substance, that the lines of the Chicago, Burlington & Quincy Railroad Company connect with the railroad of the Union Stock Yards Company at Omaha; that this defendant instituted an agent at the premises of the Union Stock Yards Company, who attended to making the necessary records pertaining to forwarding the live stock before the same were actually received; that live stock shipped from the stock yards was usually received by the Union Stock Yards Company, loaded upon cars and delivered to this defendant after being loaded; that the shipper, upon being advised by the Stock Yards Company of the car number and initials of the car into which cattle had been loaded, informed this defendant, which issued live stock contracts for such shipment; that defendant received the consignment of cattle which had been loaded

into a certain car and transported the cattle in said car to Edinburg, Indiana, which were the same cattle it received from the Union Stock Yards Company.

The answer of the Stock Yards Company, in substance, admits that on January 13, 1919, it received from plaintiff 35 head of cattle; that it loaded said cattle into cars furnished by the Chicago, Burlington & Quincy Railroad Company, and delivered the same the same day to said codefendant; that it had no contract with regard to the cattle with plaintiff, and received no consideration for their transportation.

Plaintiff recovered judgment against both defendants for $921.91. Each defendant filed a separate motion for a new trial, which was overruled. The Stock Yards Company appealed. The director general joined in the appeal, and also has taken a cross-appeal against the Stock Yards Company. The defendants will be designated hereinafter as the Stock Yards Company and the railroad company.

The principal argument made by the Stock Yards Company is that there can be no joint judgment against the defendants when no joint liability on their part is shown, and particularly where the pleadings admit one defendant to have been without fault, and where joint negligence is shown to have been an actual impossibility, and also that, where as between joint defendants one is ultimately liable, a joint judgment is erroneous, because it fails to determine all the issues, and, being a bar to any further proceedings between two defendants, results in a denial of justice. No objection of any kind was made before the trial of misjoinder of defendants, nor any instruction requested by either defendant on this point. After judgment the question was not referred to in the motion for a new trial, and, in fact, it is first raised in the briefs of the appellant in this court. Plaintiff argues therefore that the defect, if any, was waived. While a misjoinder of causes of action is ground for demurrer, a misjoinder of plaintiffs, or of defendants, is not, and it is only where

there is a defect of parties that a demurrer may be filed. *Roose v. Perkins,* 9 Neb. 304, 310; *Davey v. Dakota County,* 19 Neb. 721; *Lancaster County v. Rush,* 35 Neb. 119; *Engel v. Dado,* 66 Neb. 400.

The usual remedy for misjoinder, in the absence of express provision, is by a motion to strike out, or by demurrer for failure to state facts sufficient to constitute a cause of action. This procedure was open to each of the defendants. If either of them had desired to object on this ground, the objection should have been called to the attention of the court before the trial. It is too late after all the time and expenses incurred in producing testimony and after judgment to raise this objection for the first time in the appellate court. Cases holding to the same effect under like Code provisions are: *Kucera v. Kucera,* 86 Wis. 416; *Wunderlich v. Chicago & N. W. R. Co.,* 93 Wis. 132; *Bensieck v. Cook,* 110 Mo. 173; *Dunn v. Hannibal & St. J. R. Co.,* 68 Mo. 268; *Brownson v. Gifford,* 8 How. Pr. (N. Y.) 389; *Barnes v. Blake,* 13 N. Y. Supp. 77; *Boston Baseball Ass'n v. Brooklyn Baseball Club,* 75 N. Y. Supp. 1076.

In *Culbertson Irrigating & Water Power Co. v. Wildman,* 45 Neb. 663, Wildman sued Jones and Bond and the Culbertson Irrigating & Water Power Company, jointly. The answer of the company was a general denial. Jones and Bond made default. A trial was had on the issues between the plaintiff and the company. Judgment was entered against all of the defendants. In this court it was argued that the company could not be jointly liable with Jones and Bond. The court said, speaking by Irvine, C.: "We cannot find that this objection was raised in any manner in the district court. If the petition stated a cause of action against the company and the proof established it, no question of misjoinder having been raised, the company cannot now be heard to complain of the misjoinder. Jones and Bond made default, they do not complain of the judgment against them, and the company cannot do so."

With respect to the Stock Yards Company, the petition alleges and the answer of that defendant admits the delivery of the cattle to it for loading and delivery to the railroad company, and delivery of "said car of cattle" to that company. The evidence in its behalf tends to prove that it is a common carrier of cattle in car-loads from the pens to the tracks of connecting railroads, and that it loaded the cattle and transported the car containing them, by its own locomotive, over its own tracks, to the line of the connecting carrier. *State v. Union Stock Yards Co.,* 81 Neb. 67. This at common law would absolve the Stock Yards Company from liability, since, if it safely delivered the cattle to the railroad company, and the railroad company accepted the same, and undertook their transportation and delivery, no cause of action arises against the Stock Yards Company, it having performed its whole duty in the premises. But, under the Carmack amendment to the interstate commerce act, which, although it is said not to be relied upon by plaintiff, is the law of the land, a shipper is accorded the right to bring an action against the initial carrier, in an interstate shipment, for loss occurring upon the lines of a connecting carrier; the law preserving to the initial carrier its right to hold the connecting carrier liable for damages occurring upon its line. To entitle the shipper to recover against the initial carrier it is unnecessary to establish negligence on its part. The Stock Yards Company has therefore no good ground for complaint against the judgment which has been rendered against it in this case, unless by the recovery of such judgment it is prevented or estopped in some manner from recovering over against the director general if it can establish that the loss or mistake occurred while the cattle were in process of transportation over defendant's line of railroad.

The district court after instructing the jury that, if it found that "the identical cattle were delivered to the railroad company at South Omaha, and it delivered the identical cattle to the plaintiff at Edinburg then the

railroad company is not liable to plaintiff, and your verdict must be for the railroad company," instructed the jury by instruction No. 11 as follows: "The liability of the defendants herein *is not a joint liability,* and, as you have been above instructed, you may, if the proof is sufficient under these instructions, find one of the defendants liable and not the other." Instruction No. 13 is in part as follows: "Should you find for the plaintiff and *against all of the defendants* your verdict will be a joint one for the plaintiff, specifying the amount of damages to which you find it entitled." .

Under the evidence in this case instruction No. 11 is a correct statement of the law, since no joint tort has been established, but instruction No. 13 and others using like expressions clearly suggest to the jury that they may find for the plaintiff and against all of the defendants. Under the evidence presented it is difficult to determine where the change of cattle occurred, and when the jury were absolved from the effort of attempting the solution of so difficult a problem, the natural tendency was to follow the course requiring the slightest mental exertion, and adopt the suggestion that a verdict might be returned against both defendants. These instructions are inconsistent and incompatible with each other, and must inevitably have misled the jury. Since the liability of the Stock Yards Company is established, it would serve no good or useful purpose to reverse the judgment against it. The error in the instructions, however, prejudicially affected the director general, since it practically invited a joint verdict. The plaintiff is clearly entitled to a recovery for the loss of his cattle. Since the facts as to where the mistake occurred are, or are presumed to be, peculiarly within the knowledge of the carriers, he ought not, while they are ascertaining which is to blame, be deprived of the recovery which the law allows him against the initial carrier. The judgment against the defendant director general is vacated and set aside, without prejudice, however, to the right of the Stock Yards

Company to recover over against it in these proceedings, or in any proper action, if it establishes that the loss and damage occurred through the negligence or default of the director general.

The allowance of attorney's fee is objected to by each defendant. It is only necessary to consider the allowance of the fee as against the Stock Yards Company. Chapter 191, Laws 1919, does not apply, since the claim is for more than $300. There is no proof in the record that a claim accompanied by the bill of lading or a shipping receipt was ever presented to the Stock Yards Company at any time before the bringing of the action. Under the statute (Rev. St. 1913, sec. 6063 as amended by chapter 134, Laws 1919), this is a condition precedent to the imposing of an attorney's fee as costs. The judgment in this respect is erroneous, and must be modified by the disallowance of the sum allowed as attorney's fee. The costs incurred by the defendant director general in both courts must be taxed to plaintiff, and the costs in this court on the appeal of the Stock Yards Company must also be taxed to plaintiff, since it secured substantial relief by the setting aside of the judgment for $200 as attorney's fee.

The judgment of the district court is therefore affirmed in part and reversed in part.

JUDGMENT ACCORDINGLY.