GEORGE YOUNG, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL., APPELLANTS.

FILED JUNE 27, 1923. No. 22363.

1. **Findings** of the jury, if supported by competent evidence, will not be set aside on appeal unless clearly wrong.

2. **Costs:** ATTORNEY'S FEES. The statute authorizing the taxing of an attorney's fee as an item of costs, upon a recovery for damages growing out of the shipment or delivery of freight by a common carrier, does not extend to negligence in killing animals on a railroad track or in starting fires which destroy farm property. Comp. St. 1922, sec. 5422.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed, except as to allowance of attorney's fee.*

*E. E. Whitted, J. L. Rice* and *John F. Cordeal*, for appellants.

*Hoagland & Carr*, contra.

Heard before Morrissey, C. J., Rose, Dean and Day, JJ., Blackledge and Colby, District Judges.

Rose, J.

This is an action to recover damages for alleged negligence in the starting of fires and in the failure to properly fence defendant's railroad right of way. Injury to grass and land, destruction of farm property, killing of hogs on the railroad track, and labor in fighting fire are pleaded in the petition as damages aggregating $1,523.01. Defendant denied the negligence charged and liability for damages. Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $1,464.79. From a judgment thereon defendant has appealed.

By motion plaintiff directs attention to the fact that, since the verdict was rendered, John Barton Payne, director general of railroads of the United States, has been succeeded by James C. Davis, director general and agent of the United States railway administration. The latter is therefore substituted for the former as defendant.

The principal argument is directed to the assignment of error that the evidence is insufficient to sustain the verdict or the amount of the recovery. There is testimony in support of each item of damage included in the verdict. There is some proof indicating losses exceeding the award of the jury. While the recovery, to some extent, seems to be questionable, the conclusion that the evidence is not sufficient to sustain the verdict can only be drawn by discrediting competent testimony which the jury must have believed. The case falls within the general rule that findings of the jury, if supported by competent evidence, will not be set aside on appeal unless clearly wrong.

The allowance of an attorney's fee of $200, recoverable as costs, is also assigned as error. Plaintiff attempts to justify the judgment therefor under the act relating to the adjustment of claims against common carriers. Comp. St. 1922, sec. 5422. The attorney's fee authorized

by that act applies alone to professional services in controversies growing out of the transportation or delivery of freight by common carriers. *Mayhall & Neible v. Chicago, B. & Q. R. Co.,* 107 Neb. 58. It has no application whatever to any item in plaintiff's claim. Injury or loss in shipping or delivering freight is not pleaded or proved. The claim exceeds $300 and does not fall within the terms of the statute authorizing an attorney's fee in a controversy involving a smaller amount. Comp. St. 1922, sec. 9126. Neither of these statutes can be extended by construction to the cause of action stated in the present case. There was therefore no authority for the allowance of the attorney's fee. The judgment is reversed as to that item. Otherwise it is affirmed at the costs of plaintiff in the appellate court.

JUDGMENT ACCORDINGLY.