JOHN DAILY, APPELLEE, V. CHICAGO, ST. PAUL, MINNE-
APOLIS & OMAHA RAILWAY COMPANY, APPELLANT.

FILED JUNE 27, 1923.   No. 22433.

1. **Carriers:** TRANSPORTATION OF LIVE STOCK: LIABILITY. "When live
stock, unaccompanied by a caretaker, is received by a railroad com-
pany in good condition and is delivered later to the consignee in a
damaged condition, a *prima facie* case is made against the railroad
company by reason of a presumption that the damage resulted from
some cause other than one which would exempt the company from
liability. *Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co.*,
105 Neb. 151.

2. ——: ——: ——. A railroad company is not generally held
liable for injuries to live stock due to a condition of pregnancy un-
less it has actual or constructive knowledge of this fact. In the
absence of such knowledge, the condition will be regarded as a
hidden or concealed defect, and the company will not be charged
with greater care than that ordinarily exercised in handling animals
not pregnant. But where the fact that the animal is in a pregnant
condition is plainly apparent to the railroad company, or where it is in
possession of facts that would lead a reasonable person to infer
this condition, then the company will be liable for injuries due
thereto, and caused by its negligence in not handling the animal with
due care under the circumstances, though not expressly informed of
the fact by the shipper.

3. **Constitutional Law:** COSTS: ATTORNEY'S FEES. Section 9126, Comp.
St. 1922, providing for an attorney's fee to plaintiff's attorney, upon
claims against any person or corporation doing business in this
state, *held* to allow recovery in the nature of reimbursement of costs,
and not unconstitutional as providing a penalty in favor of an in-
dividual.

4. **Evidence** examined, and *held* sufficient to sustain the verdict.

APPEAL from the district court for Douglas county:
WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,*
for appellant.

*Murphy & Winters, contra.*

Heard before DEAN, ALDRICH and DAY, JJ., COLBY,
District Judge.

ALDRICH, J.

This is an action at law to recover damages for the loss

of one cow and injury to another, which plaintiff alleged was caused by negligence of the defendant railway company in handling and taking care of the shipment. As a defense defendant alleged that if any of the cattle and calves were injured, crippled, or died while in transit, such injury and death was due to the inherent nature, disposition and propensities of the animals to injure themselves and each other, and not due to any negligence on the part of defendant. Further answering, defendant alleged that plaintiff was negligent in shipping the cow, which was killed by the humane officer at Sioux City, Iowa, due to the fact that the cow was with calf at the time of shipment; that the animal was killed by the humane officer acting under the authority and direction of the law of the state of Iowa, and through no fault of defendant. Plaintiff replied by way of general denial, with an admission that the humane officer killed the missing animal after she was injured. The case was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $143.85, and in addition the sum of $50 was allowed by the lower court as attorney's fees. Motion for new trial was overruled, and defendant appeals.

Appellant assigns four errors, which are as follows: (1) The verdict is not sustained by sufficient evidence. (2) The court erred in giving to the jury instruction No. 10 on its own motion. (3) The court erred in giving to the jury instruction No. 11 on its own motion. (4) The court erred in assessing an attorney's fee in the sum of $50 against defendant.

The shipment originated on June 15, 1917, in St. Paul, Minnesota, destined for Omaha, Nebraska, and consisted of 24 head of cows and 8 head of calves. When the cattle arrived at the stockyards in Omaha, one of the cows was missing and another badly crippled. The crippled cow was sold to the packers in Omaha for $65, her value for dairy purposes being $100 or $110, according to plaintiff's testimony.

The record discloses that the missing cow was found in

the chute by the humane officer at Sioux City, Iowa. She had been removed from the car and was nearly dead, was calving at the time, and was trampled and torn. There was but a partial delivery of the calf and, the condition of the cow warranting it, the humane officer shot her. He testified that she had been down in the car and trampled by other cattle, but could not tell whether trampled when lying in the car giving birth, or prior to delivery, and thereby causing premature birth. He stated that the excitement and hardship of shipment often causes cows heavy with calf to give birth prematurely.

Defendant produced all the records of the train crew, none of which showed notations of rough handling. In fact the record of Conductor Hennessy did not show a notation of rough handling from June 10 to June 20. This evidence is not sufficient to establish the defense, as we will hereinafter demonstrate.

With reference to the presumption in this class of cases the rule in this state is as follows:

"When live stock, unaccompanied by a caretaker, is received by a railroad company in good condition and is delivered later to the consignee in a damaged condition, a *prima facie* case is made against the railroad company by reason of a presumption that the damage resulted from some cause other than one which would exempt the company from liability." *Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co.*, 105 Neb. 151; *Church v. Chicago, B. & Q. R. Co.*, 81 Neb. 615; *Chicago, B. & Q. R. Co. v. Slattery*, 76 Neb. 721.

Plaintiff had been in the business of trading in live stock, milch cows and feeders, and dairy stock generally, for 27 years. In other words he was evidently a competent and discriminating judge of this class of live stock. He bought the cattle in question in St. Paul and personally examined each individual animal a short time before they were loaded. The shipment of which the injured cows were a part consisted of 16 cows heavy with calf (due to calve in a month or six weeks), and 8 had young calves.

Defendant had shipped hundreds of similar cows from St. Paul to Omaha, and, so far as the record shows, never had a loss. In order to pick cows which could be shipped safely, he took precautions to allow two or three weeks after they arrived at Omaha for them to become fresh. The cattle were delivered to the defendant company in good shape, so far as the record shows, and arrived at Omaha with one cow missing and another injured, as alleged in the petition.

Under all the facts and attendant circumstances the jury were justified in finding that defendant was negligent and their verdict is supported by sufficient competent evidence. The presumption of negligence on defendant's part in handling this shipment of cows is not rebutted by evidence introduced in its behalf. The train records and notations of no rough handling are entitled to but little weight or probative force because they were confined to the breaking of, or some actual damage done to, some part of a car, or the uncoupling of a car. There could be much rough handling amounting to negligence on defendant's part without obtaining any one of these results which would injure cows not pregnant. Whether or not the cow gave premature birth because of rough handling while being shipped in defendant's car was a question properly for the jury, and, there being ample and sufficient evidence to sustain it, their verdict will not be disturbed by this court.

Instruction No. 10, given by the court on its own motion, is as follows:

"The defendant claims that the death of the cow shot by the humane officer at Sioux City was brought about through the negligence of the plaintiff, and claims that said cow was in such condition with calf that an ordinarily prudent person would not have shipped it.

"The burden of proof on this proposition is upon the defendant, and if you find from a preponderance of the evidence that the plaintiff was guilty of negligence in shipping the cow in question, owing to its physical con-

Daily v. Chicago, St. P., M. & O. R. Co.

dition, and you further find that the necessity for shooting the cow at Sioux City was the result of such negligence of the plaintiff, not contributed to any extent by negligence of the defendant, then your verdict should be for the defendant with reference to this cow.

"In this connection you are instructed that the defendant was bound to exercise reasonable care to protect the animals from any form of violence or improper handling which would tend to injure same, but would not be liable for any injuries resulting merely from the ordinary and proper operation of the train."

Instruction No. 11 is as follows:

"Defendant is not liable for the act of the humane officer in killing the cow in question unless the necessity for such 'killing was brought about by negligence of the defendant; if you are satisfied by the evidence that the necessity for killing the cow was due solely to the fact that it was with calf and could not stand the ordinary conditions of the trip, and not contributed to by any negligence of defendant, the defendant would not be liable therefor."

We have quoted these two instructions in full to show that the theories of both litigants were properly submitted to the jury for consideration and determination. The two instructions questioned, and all the instructions in general, are substantially correct and are without reversible error.

The following quotation demonstrates the correctness of the instructions and their applicability to the facts:

"The carrier is not generally held liable for injuries to animals due to a condition of pregnancy unless it has actual or constructive knowledge of this fact. In the absence of such knowledge the condition will be regarded as a hidden or concealed defect, and the carrier will not be charged with greater care than that ordinarily exercised in handling animals not pregnant. But where the fact that the animal is in a pregnant condition is plainly apparent to the carrier, or where it is in possession of

facts that would lead a reasonable person to infer this condition, then the carrier will be liable for injuries due thereto, and caused by its negligence in not handling the animal with due care under the circumstances, though not expressly informed of the fact by the shipper. In one of the cases announcing this principle it is said: 'It would certainly be most unreasonable to require shippers of live stock to seek the agent of the carrier and make known the physical condition of his stock, and for failure to do this discharge the carrier from all liability for negligence. As well require each passenger, upon purchasing his or her ticket, or upon boarding the train, to make known his or her physical condition, so that the carrier might exercise more care in running the train to avoid collisions or accidents from other causes.' " 4 Elliott, Railroads (3d. ed.) secs. 2338, 2339.

With reference to the fourth assignment, appellant contends and argues that the assessing of an attorney's fee, under the provisions of section 9126, Comp. St. 1922, was error, because the statute is unconstitutional in allowing a penalty upon a railroad company in favor of an individual, and in denying equal protection and due process of the law within the meaning of the Fourteenth amendment to the federal Constitution. This court has repeatedly held that attorneys' fees provided for in this manner by statute are in the nature of costs and may be properly allowed. *Smith v. Chicago, St. P., M. & O. R. Co.,* 99 Neb. 719; *Marsh & Marsh v. Chicago & N. W. R. Co.,* 103 Neb. 654; *Robertson v. Chicago, B. & Q. R. Co.,* 108 Neb. 569; *Mayhall & Neible v. Chicago, B. & Q. R. Co.,* 107 Neb. 58; *Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co.,* 105 Neb. 151.

In view of the foregoing discussion and citation of authority, the judgment of the district court is in all respects affirmed.

An attorney fee of $50 is allowed plaintiff in this court.

AFFIRMED.