RAAPKE & KATZ COMPANY, APPELLEE, V. SCHMOLLER & MUELLER PIANO COMPANY ET AL., APPELLANTS.

FILED NOVEMBER 19, 1908. No. 15,366.

1. **Forcible Entry and Detainer: RENTAL VALUE: EVIDENCE.** Where the question before the jury is at what point between $100 and $250 a month the rental value of premises wrongfully detained by defendant should be fixed, and each of the parties has introduced expert testimony upon that question, the court does not err in excluding as too remote the amount of rent fixed in a lease made two years prior to the period of the wrongful holding.

2. ———: ———: ADMISSIONS. Where a lease for the term of two years provided that the tenant might at his option hold the premises for another year at an annual rental of $1,800 payable in instalments of $150 a month, the fact that the landlord at the expiration of the two years' term stated to the tenant that it could hold the premises for another year at $150 a month is a

mere statement that the tenant had such right under the lease, and not an admission of the rental value.

3. ———: ———: EXPERTS: CROSS-EXAMINATION. A witness testifying as an expert to the rental value of real estate may be cross-examined touching his knowledge of the rental value of other property in the vicinity; but it is not error to exclude on such cross-examination his estimate of the rental value of such other property. Such estimate is not a fact, circumstance or reason upon which the witness forms his opinion as to the rental value in issue.

4. ———: ACTION ON SUPERSEDEAS BOND: RENTAL VALUE. In an action upon a bond given upon appeal from a judgment of restitution rendered in a suit of forcible entry and detainer, the amount of plaintiff's recovery is not confined to the value of the premises for the purpose for which they were used while so wrongfully detained, but it is entitled to recover for the highest price the premises would bring for any lawful use to which they were adapted and for which they were available.

5. Pleading: MISJOINDER: WAIVER. Where a plaintiff in an action upon an undertaking given upon appeal from a judgment of restitution rendered in an action of forcible entry and detainer joins a cause of action against the principal and surety with one against the principal alone, such misjoinder is waived under the provisions of section 96 of the code, where no objection is made thereto by demurrer or answer.

6. Trial: INSTRUCTIONS. Where witnesses called to prove the rental value of certain premises have been cross-examined concerning the rental value of other premises in the vicinity thereof, an instruction that the latter evidence is to be considered only in determining the weight to be given to the opinions expressed is not erroneous.

7. Pleading: AMENDMENT: EVIDENCE. Where an amendment to a pleading is made by interlineation during the trial, the pleading as it stood before the amendment, the amendment and the pleadings as amended are part of the record of the case, and it is not necessary to offer the pleading as it stood before amendment in evidence in order to make it part of such record.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Albert S. Ritchie, Charles L. Fritscher* and *Thomas F. Lee,* for appellants.

*Baldrige & De Bord, contra.*

CALKINS, C.

This was an action upon a supersedeas bond given upon appeal to the district court from a judgment of restitution rendered by the county court of Douglas county in an action of forcible entry and detainer between the same parties. The bond was given October 7, 1905, the appeal dismissed April 10, 1906, and the defendants surrendered the premises April 15, 1906. The only controverted question of fact in the trial of this case in the district court was the rental value of the premises; the plaintiff alleging it to be $250 and the defendant denying that it exceeded the sum of $100 a month. The jury found against the defendant the Schmoller & Mueller Piano Company in the sum of $1,625, and against its surety in the sum of $1,463. From a judgment rendered upon this verdict the defendants appeal.

1. On the 7th day of September, 1903, Meyer & Raapke let the premises in question to Hockstrasser & Kunde for a term of two years from said date, reserving an annual rent of $1,800 for the first and $1,500 for the second year of said term, with an option to the lessee to take the premises for a third year at an annual rent of $1,800. The defendant Schmoller & Mueller Piano Company came into possession of the premises by virtue of an assignment of this lease, but refused to either avail itself of the option to take the same for a third year or to surrender possession of the premises at the end of the two-year term. The period of wrongful holding for which the action of forcible entry and detainer was brought against it was embraced in the year covered by this option. The plaintiff called four witnesses qualified to give an opinion as to the rental value of the premises, who placed the same at from $200 to $250 a month, while a like number of witnesses called by the defendants estimated the rental value at from $125 to $150 a month during the period in question. Although it appears from the cross-examination of one witness that there had been a change in rental

values prior to April 15, 1905, there is nothing in the record to show the condition of the rental market in September, 1903, at which date the lease in question was made, compared with the period of the wrongful holding. This being the state of the record, the defendants offered the lease in evidence for the purpose of showing the rental value for the period in dispute. This evidence was excluded on the objection of the plaintiff, and it is urged that the failure of the district court to permit this fact to go to the jury constitutes error. Only two cases are cited, *Fogg v. Hill,* 21 Me. 529, where similar evidence was held to be properly admitted, and *Dietrichs v. Lincoln & N. W. R. Co.,* 12 Neb. 225, where, the question being the value of land March 30, 1880, it was held error to admit deeds made to the owner in pursuance of an administrator's sale had on April 10, 1877. This case might be distinguished on the ground that the sale was a compulsory one, but it was followed in *Omaha S. R. Co. v. Todd,* 39 Neb. 818, where the purchase seems to have been at voluntary sale. However, we think the district court had the right to exclude this evidence on principle. The fact in issue was the rental value of the premises. The rule that any fact that shows a fact in issue does or does not exist, or probably does or does not exist, is subject to exceptions and limitations, one of which is that the judge may exclude evidence of facts otherwise relevant which appear to him too remote to be material under all the circumstances of the case. Stephens, Digest of the Law of Evidence, ch. 2, art. 2. While the fact that the owners in September, 1903, made a lease of the property in question for a term of two years, in which the rent was reserved at the rate of $150 a month for the first year, $125 for the second year, and with an option for a third year at $150 a month, in the absence of any other evidence, furnishes some idea of the value of the property, it is of little or no weight in solving the problem presented to the jury, which was at what figure between $125 and $250 a month the actual rental value

should be fixed. The most that the making of the lease would prove is that the parties making the same estimated that the rental value of the property would be that therein named. There is no presumption that the property in a rapidly growing and changing city will remain of the same value from year to year, and the estimate made in the year 1903 is too remote to be received as evidence of the rental value in 1905.

2. The defendants offered to prove by the witness Turner, manager of Schmoller & Mueller Piano Company, that on September 15, 1905, the president of the plaintiff company stated that the defendants might have the property at the rate of $150 a month for the period of one year, and assigned the rejection of such testimony upon the objection of the plaintiff as error. Whether such offer could have been received in evidence if the option referred to had not been contained in the lease it is not necessary to determine. Under that option the Schmoller & Mueller Piano Company was entitled to hold the premises for another year at the rate of $150 a month, and the statement by the president of the plaintiff company that it could hold the property for a year on those terms was no more than a statement of the terms of the option. It could not be construed as an estimate or admission of the rental value.

3. Upon the cross-examination of one of the witnesses called by the plaintiff to testify as to the rental value of the premises, he was examined concerning his knowledge of the character of other property in the neighborhood and as to his knowledge of what the same actually rented for. There appears to have been a building in the vicinity of the property in question known as the "Ramge Building"; and, the witness having testified that he had not made any inquiry and did not know what the corner room in that building rented for, he was asked to say what the reasonable rental value of the same would be. This question was objected to as not proper cross-examination, and, the court having sustained the objection, the defendants

now insist that such ruling was erroneous. The defendants were entitled to examine the witness concerning his knowledge of rental values in the vicinity in order that the jury might have the facts, circumstances and reasons upon which the witness' opinion was based, but this did not give the right to ask the opinion of the witness as to the rental value of other property in the vicinity. This was not a fact, circumstance or reason upon which his opinion was or could be based, and the evidence was properly excluded. Similar questions propounded to two of the plaintiff's other witnesses were excluded for the same reason. What we have said with reference to the cross-examination of the witness Mithin applies to these witnesses.

4. The defendants sought to prove the reasonable rental value of the premises for the piano business, and contend that the refusal of the court to permit them so to do was erroneous, as well as the instruction of the court which did not confine the rental value to the piano business. There is no merit in this contention. The defendants were wrongfully detaining the property, and the plaintiff was entitled to the highest price it would bring for any lawful use to which it was adapted and for which it was available. *Lowe v. City of Omaha,* 33 Neb. 587; *Maul v. Drexel,* 55 Neb. 446; *City of Omaha v. Croft,* 60 Neb. 57.

5. The petition set forth the giving of the bond on October 7, 1905, and alleged that the Schmoller & Mueller Piano Company detained the property without paying any rent therefor from September 15, 1905, to April 15, 1906. This stated two causes of action—one against the Schmoller & Mueller Piano Company for the value of the use of the premises from the 15th of September to the 7th of October, 1905, and one against both defendants upon the bond for the rental value of the property from the date of the giving of the bond to the time when the defendants surrendered possession of the property on the 15th day of April, 1906. This violated the provisions of

section 88 of the code, which provides that the causes of action united must affect all of the parties to the action. The fifth ground of demurrer stated in section 94 of the code is that several causes of action are improperly joined. Had the defendants demurred to the plaintiff's petition upon this ground, the demurrer should have been sustained. Section 96 of the code provides that, if the defect enumerated in section 94 does not appear upon the face of the petition, it may be taken by answer, and, if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action. The defect complained of appeared upon the face of the petition, and the defendants waived the same by not demurring thereto.

6. Instruction No. 3 of the court was as follows: "What other buildings different in size, character and location from the one in question may be rented for, or what their rental value may be, is not to be considered by you in fixing the rental value of the building in question. Evidence of this character was admitted, and you may consider it only for the purpose of aiding you in determining the weight to be given the opinions of the witnesses, respectively, who have been examined as to those matters. And you are instructed that there is no evidence in this case as to what the premises are rented for to Moise & Co." In defendants' brief it is said: "The giving of instruction No. 3 by the court was error. The rental value of the building in question might be come at by the jury by comparison of the value of other property in the vicinity, making due allowance for the differences in size, character and location." This embraces the entire argument of the defendant upon this point. A jury must determine the facts from the evidence brought before them, and it would be impracticable to bring before a jury the differences in size, character and location of other property in the vicinity so as to enable them to arrive at the value of

the property in question by comparison. Evidence as to what other buildings rented for and as to other rental values having been introduced, it was proper for the district judge to caution the jury to consider it only for the purpose of aiding them in determining the weight to be given the opinions of the witnesses who testified to the values of the other properties.

7. The answers of each defendant as they stood at the beginning of the trial denied that the rental value was $250 or any other sum. After the evidence was taken the defendants asked and obtained, over the objection of the plaintiff, leave to amend their several answers by adding by interlineation after the words "or any other sum" the words "exceeding the sum of $100 a month." Upon the argument the attorney for plaintiff started to comment upon the fact that the president of the plaintiff had sworn to an answer denying that the building had any rental value whatever. To this the defendants objected, assigning as a reason that the answer had not been offered in evidence. The pleadings upon which the case is tried being a part of the record are open to comments of counsel and consideration by the jury. *Colter v. Calloway,* 68 Ind. 219; *Holmes v. Jones,* 121 N. Y. 461. Where an amended pleading. has been filed, the original loses its force as a pleading, and the adverse party 'may not read it to the jury nor comment upon it in arguments without first offering it in evidence. *Woodworth v. Thompson,* 44 Neb. 311. This rule is applicable to all cases where the amendment has been made before the commencement of the trial; but where the amendment is made by interlineation during the trial, or, as in this case, after the evidence is in, the pleading as it stood at the commencement of the trial up to the time of the amendment, the fact of the amendment, and the petition as amended are all part of the record, and it is not necessary to offer any one in evidence in order to make it such. There is therefore no merit in the objection that the petition as it existed before amendment was not offered in evidence.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.