JAMES W. RADCLIFFE, APPELLANT, V. ED A. LAVERY ET AL., APPELLEES.

FILED JUNE 3, 1916. No. 19009.

Action: JOINDER. In order that causes of action may be united, it is essential under section 7658, Rev. St. 1913, that they must affect all the parties to the action.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. Affirmed.

H. D. Rhea, for appellant.

A. J. Shafer, George C. Gillan, George W. Ayres, E. A. Cook and D. H. Moulds, contra.

LETTON, J.

This is an action by a taxpayer of Dawson county to enjoin the board of county commissioners of Dawson county, the board of county supervisors of Phelps county, and the state engineer from carrying out certain contracts made with J. E. Doty and Thomas Gass for the construction of two bridges and approaches across the Platte river, one at Lexington and the other at Overton, upon the

grounds that the money on hand in the bridge fund of Dawson county, together with 85 per cent. of the current levy for bridge purposes, was not sufficient to authorize the county commissioners to enter into the contract; that the contract for the Overton bridge was not entered into by the board of county supervisors of Phelps county, but only by three members of the board; that there were no roads leading to the site of the proposed bridges; and several other grounds unnecessary to mention at this time. The prayer was that the defendants be enjoined from carrying out the contracts, and that the county boards be enjoined from expending any money under the same.

The defendants Doty and Gass demurred separately to the petition upon the ground that there was a misjoinder of causes of action. The demurrers were overruled, and they refused to plead further. The county officers of both counties answered, admitting that the contract for the Overton bridge was let to defendant Doty, and for the approaches thereto to defendant Gass, by the county boards acting jointly and with the state engineer; that the contracts for the Lexington bridge and approaches were let by the board of Dawson county and the state engineer to the same parties. The other allegations of the answer allege particularly the amount of money on hand in the several funds, and the legality of the proceedings. The state engineer made a like answer.

At the final hearing the court found the facts generally in favor of the defendants; found also that there was a misjoinder of causes of action. The restraining order which had been issued was dissolved, and the action dismissed at plaintiff's cost. From this judgment he has appealed.

The plaintiff brings the action as a resident and taxpayer of Dawson county. The county board of Phelps county is not a party to, and is not concerned with, the contracts for the Lexington bridge and approaches. They have no common or joint interest in the subject-matter of

that contract. A cause of action with respect to a contract in which the county board of Phelps county is not a party cannot be joined with another cause in which it is jointly interested with the county board of Dawson county. Section 7658, Rev. St. 1913, requires that, in order that causes of action may be united, they "must affect all the parties to the action."

The demurrers to the petition should have been sustained. At the close of the trial the court practically announced that the ruling upon the demurrers was wrong, and found that there was a misjoinder. The plaintiff making no request to sever, the action was properly dismissed as to Doty and Gass. They were indispensable parties to an action to set aside the contracts. No supersedeas bond was given. It was stated at the argument that the contracts had been substantially performed. The case is therefore practically a moot one, and we find it unnecessary to consider the other questions presented.

The judgment of the district court is

AFFIRMED.