SULLIVAN *v.* FIDELITY & CASUALTY CO. OF NEW YORK.

PRINCIPAL AND SURETY—BONDS—JOINING SEPARATE CLAIMS—LUMP JUDGMENT ON TWO BONDS—NEW TRIAL DENIED.

Where, with defendant surety company's consent, two cases against it on two separate bonds were combined and a judgment for a lump sum resulted (208 Mich. 68), the Supreme Court will not grant a new trial for the reason that it could not be determined how much of the penalty of each of the bonds involved would be paid and satisfied by reason of said judgment, where it does not appear

that such determination could be made on new trial, and plaintiff has filed an acknowledgment of satisfaction on each of the bonds to the full amount of the judgment recovered, which, although irregular, will be allowed to stand for defendant's protection.

Error to Shiawassee; Collins (Joseph H.), J. Submitted October 30, 1919. (Docket No. 59.) Decided December 22, 1919. Resubmitted April 10, 1920. Former opinion affirmed June 7, 1920.

Assumpsit by James Sullivan against the Fidelity & Casualty Company of New York, surety, and Arthur L. Waldorf, principal, on a bond. Judgment for plaintiff. Defendant surety brings error. Affirmed.

*Cummins & Nichols,* for appellant.

*Pulver & Bush,* for appellee.

### ON REHEARING.

(For former opinion see 208 Mich. 68.)

SHARPE, J. Counsel for the defendant urge that this court was in error in affirming the judgment of the trial court—

"Because the court in reaching the conclusion stated in its opinion overlooked the fact that by reason of the evidence of plaintiff's claim being evidence of a lump sum of damages, no basis was furnished by which it could be determined how much of the penalty of each of the bonds involved in said cause would be paid and satisfied by reason of said judgment."

Counsel for the plaintiff contend that it will not be possible for defendant to secure such a determination on a new trial. By consent of defendant's counsel, the two causes of action were combined. We quote from the record:

"*Mr. Bush:* I understand you have no objection to the joinder of these two contracts together in the suit. I can put in my proof quicker.

"*Mr. Cummins:* No, I would just as soon have it all fought out in one suit as in two."

The liability on both bonds being thus tried in one suit, we know of no way under our statutes and rules of practice by which a judicial determination can be obtained of the amount which may be recovered under each so that the penalty thereof may be deemed satisfied to such amount. If on a new trial the plaintiff were required to prove the liability of the defendant in two items, the one showing the work done by Saeman on the Sullivan job, and the other that done on the Doan job, it is apparent that as Saeman kept no separate account of such work the proofs would consist largely of estimates founded on measurements. Unless the jury were specifically instructed to find the value of the work done on each job, the individual members might differ about it and yet agree on the total to be allowed.

While, under section 39 of chapter 18 of the judicature act (Act No. 314, Public Acts 1915, 3 Comp. Laws 1915, § 12611), the jury when rendering a general verdict may be required to answer special questions, such questions must be so framed as to be "readily answered by yes or no." It therefore seems apparent to us that should a new trial be granted for the reason assigned, defendant could not thereby obtain the determination sought by it.

Counsel for the plaintiff on the argument made offer to indorse upon each of the bonds an acknowledgment of satisfaction to the full amount of the judgment recovered. They have since filed in this court such an acknowledgment. While the proceeding is irregular, such acknowledgment may stand for the protection of the defendant in case other liability on either or both of said bonds should be claimed by either Sullivan or Doan.

The question of overpayment is again urged by coun-

sel for defendant in the motion and brief filed. We have re-examined the proofs bearing on this question and remain of the opinion that a question of fact was presented for the consideration of the jury.

The judgment is affirmed, with costs to plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.