DRAINAGE DISTRICT NO. 2, DAKOTA COUNTY, APPELLANT,
v. HENRY W. O'NEILL ET AL., APPELLEES.

FILED DECEMBER 30, 1922. No. 22194.

1. **Action: DEMURRER: MISJOINDER.** A demurrer for misjoinder of causes of action is properly sustained where the suit is brought on four distinct bonds, signed by different sureties, and where several judgments are prayed.

·2. **Injunction: CONDITIONAL DISSOLUTION: BREACH OF BOND.** Where the pleadings in an injunction suit are not in the record by exhibit or allegation, so that the issues may be known, and the final order dissolving the injunction and dismissing the case was upon conditions thereafter to be complied with by defendants, and until compliance the injunction was to remain in force, *held*, not a sufficient decision that injunction ought not to have been granted in the first instance, to show a breach of the injunction bond.

3. **Appeal: SUPERSEDEAS BOND: DAMAGES.** Attorney's fees and cost of briefs are not proper elements of damages in an action upon a supersedeas bond given on a writ of error from this court to the supreme court of the United States, the same being governed by federal decisions, which disallow such items. *Tullock v. Mulvane*, 184 U. S. 497.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*R. E. Evans, F. E. Gill* and *Burkett, Wilson, Brown & Wilson*, for appellant.

*Alfred Pizey, Jepson & Struble* and *Sidney T. Frum*, contra.

Heard before MORRISSEY, C. J., FLANSBURG and ROSE, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

This is an action brought upon four separate and distinct bonds given in an injunction action brought against the drainage district by Henry W. O'Neill, Cornelius K. Heffernan, and Elizabeth Leahy, to enjoin the construction of an irrigation ditch across the lands of the plaintiff. The bonds are briefly described as follows: One

for $1,000 given upon the issuance of a temporary in-
junction and conditioned for the payment of all damages
sustained by the defendant in case it should finally be
determined that the injunction ought not to have been
granted; one for $4,000, an additional bond required of
plaintiffs containing the same condition; a supersedeas
and appeal bond combined, given for the purpose of an
appeal to this court, in the sum of $5,000, and contain-
ing the usual conditions; and a supersedeas bond in the
sum of $2,000 for the purpose of prosecuting error to the
supreme court of the United States, the conditions of
which do not appear, and a copy of such bond not being
in the record. Each of said bonds are signed by O'Neill
and Heffernan as principals, and the first one by George
A. Blessing and Barney Gribble as sureties, the second
and third ones by Edward Mullally as surety, and the
fourth one by Patrick Heenan as surety. The petition
sets out by way of exhibit the final decree of the district
court for Dakota county dissolving the temporary in-
junction and dismissing the case as to the plaintiffs
O'Neill and Heffernan, and sustaining it as to plaintiff
Elizabeth Leahy, and seeks to recover various sums for
attorney's fees and expenses incurred in the defense of
said injunction suit, the different items being allocated
to the several bonds, and judgment asked upon each
bond for the total amount referable thereto and against
the respective parties signing each of said bonds. The
petition contains no allegation that it had been finally
determined that the injunction ought not to have been
granted, other than as may be inferred from the language
of the decree attached as an exhibit, to which reference
will later be made. The petition does not set out the
pleadings in the injunction suit, and we are therefore
unable to determine the precise issues presented for de-
cision. It is, however, alleged: "The sole purpose and
object of said action being to enjoin and prevent the
construction of the aforesaid drainage ditch and sys-
tem." The appeals to this court and the supreme court

of the United States resulted in an affirmance of the judgment of the district court for Dakota county.

To the petition in this case the defendants O'Neill, Heffernan and Heenan, and the administrators of Blessing and Gribble, after certain motions had been disposed of, filed demurrers to the petition, only two grounds of which need be considered: First, that several causes of action were improperly joined in the petition; and, second, that the petition did not state facts sufficient to constitute a cause of action. The defendant Mullally makes no appearance, and we are unable to determine from the record whether or not he was served. The several demurrers were sustained generally by the district court, but whether upon one or both of the above grounds does not appear, and, plaintiff declining to plead further, the action was dismissed, and plaintiff appeals.

The demurrers on the ground of misjoinder were properly sustained. Section 8602, Comp. St. 1922, requires that all causes of action united in one petition must affect all the parties to the action; and it is perfectly clear that Blessing and Gribble were only affected by the cause of action on the first bond, they not having signed any other; Mullally was only affected by the second and third bonds, which he signed, and Heenan only by the fourth bond, the only one he signed. It is quite probable that these different defendants might have different defenses to the action upon the bonds which they signed respectively, and the code does not provide for separate judgments in different amounts against various defendants in this class of cases. See *Raapke & Katz Co. v. Schmoller & Mueller Piano Co.*, 82 Neb. 716; *Radcliffe v. Lavery*, 100 Neb. 31. Upon the sustaining of the demurrer for this ground, upon application of plaintiff, separate actions might have been docketed under section 8613, Comp. St. 1922, but no such request was made. However, as the judgment of the lower court may have gone upon the general ground, we will proceed to dispose of that question.

It is first contended by appellees that it nowhere appears in the petition that the damages set forth accrued in connection only with the defeat of the injunction; but, so far as the allegations go, they would appear to include the entire defense of the action. Of course, the recovery upon the bond is limited to damages accruing through efforts to defeat the injunction, and not the main case. *Trester v. Pike*, 60 Neb. 510. But the appellant contends that the allegation of the petition above quoted, to the effect that the sole object of the suit was to obtain an injunction, etc., is sufficient to entitle them to recover all the damages alleged. We are unable to accept this view, for the reason that it appears to us this is a mere conclusion of law reached by the pleader from an examination of the petition in the original action, and is not admitted by the demurrer. The original petition should have been attached as an exhibit, or such essential facts pleaded from which it could be determined what was the purpose of the action. *First Nat. Bank of Harvard v. Hockett*, 2 Neb. (Unof.) 512.

Appellees further contend with reference to the injunction bond that it had never been finally decided that the temporary injunction ought not to have been granted. We think this contention sound. In the early part of the decree appears the following with reference to the motion to dissolve the temporary injunction: "And the court being fully advised in the premises doth sustain said motion and said injunction is hereby vacated, dissolved and set aside except as to the land owned by the plaintiff Elizabeth Leahy;" and, again, "doth find upon the issue joined generally in favor of the defendants and against the plaintiffs, except as hereinafter expressly found in favor of the plaintiff, Elizabeth Leahy; to which findings the plaintiffs each separately except." But later on in the decree we find the following: "It is, therefore, considered, adjudged and decreed by the court that, when the defendants shall have paid the county judge or secured proper acquittance from the

plaintiffs, Henry W. O'Neill and Cornelius K. Heffernan, the amounts fixed by the awards made by said board of appraisers as due to said plaintiffs, Henry W. O'Neill and Cornelius K. Heffernan, respectively, the temporary injunction heretofore allowed and issued be and the same hereby is dissolved and this action dismissed; that as to the plaintiff, Elizabeth Leahy, said injunction shall be and remain in full force until," etc. It does not appear anywhere in the record that the condition upon which the injunction was to be dissolved has been complied with. and the decree is very far from deciding that the injunction was improperly issued in the first instance. The fact that the injunction was continued until the performance of certain conditions furnishes a strong inference that it was properly granted. If there was no good reason for allowing the injunction, why keep it in force until defendants comply with certain conditions? Here again we are in the dark for want of information as to the allegations of the petition for an injunction. We conclude, so far as the injunction bonds are concerned, that the demurrer was properly sustained on the second ground thereof.

What has been said sufficiently disposes of the questions presented as to all of the bonds, viewed as injunction bonds, but two of them also contain conditions appropriate to supersedeas or appeal bonds, and it remains to consider whether any cause of action is stated upon them in that character. So far as the third bond is concerned, in the penal sum of $5,000, $200 was to cover costs that might be adjudged against the appellee in that suit, but there is no allegation in the petition relative to this feature of the bond. The same statement is true with reference to the bond numbered four; so the only question with reference to that bond is whether the allegations of damage include items properly constituting elements of damage under the conditions of the bond. The bond is not set out, but it may be assumed that the condition was in the language of the statute, "if he

failed to make his plea good, shall answer all damages and costs." We are of the opinion that the allegations of damage do not represent proper items. They are (1) attorney's fees and expenses; (2) cost of briefs; (3) for meetings and work had by the board of supervisors costing $413.30. As to the first two items, the bond having been in a proceeding in the federal court and in compliance with a statute of the United States, the construction, effect and liability upon the bond is controlled by the federal decisions, as was expressly held in *Tullock v. Mulvane,* 184 U. S. 497, which also distinctly holds that upon bonds of this character attorney's fees are not recoverable as damages, and we think that other expenses connected with the prosecution of the suit, such as cost of briefs, fall within the same principle. The other allegation of damage connected with the fourth bond is not set out with sufficient clearness to warrant the court in affirming that it constitutes a proper item.

It is suggested by appellees that the fact that the injunction was made permanent as to the plaintiff Leahy is sufficient of itself to negative the proposition that the injunction was wrongfully obtained, but we think that sufficient appears in the record to show that the facts of her claim with reference to her individual lands were of such a different character from those connected with the other plaintiffs' cause of action, so far as we are able to conjecture them from the record, that this proposition cannot be sustained.

One other question should be noticed. The action is brought against the administrators, respectively, of the estates of Blessing and Gribble, who died pending the injunction suit, and the point is made that they are not subject to a suit in their representative capacity for the recovery of money only. The point is well taken. Comp. St. 1922, sec. 1374.

It results from the above considerations that the decree of the district court must be affirmed.

Affirmed.