GEORGE SALISBURY, APPELLEE, V. BERRY MOTOR COMPANY: LEO BERRY, APPELLANT.

FILED FEBRUARY 19, 1932. No. 27942.

*Nichols & Johnson* and *W. M. Elmen,* for appellant.

*W. P. Rooney, Allen G. Fisher* and *Charles A. Fisher,* contra.

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and REDICK, District Judge.

EBERLY, J.

This is an action at law by George Salisbury, as plaintiff, against the Berry Motor Company, a copartnership consisting of Leo Berry and Lyle Berry, Leo Berry, and Lyle Berry, defendants, on an alleged oral contract of employment at a definite wage. To the amended petition of plaintiff the defendant Leo Berry demurred on the

grounds: First, that the petition disclosed that there was "a defect of parties defendant;" and, second, that it did not allege facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant then filed a pleading containing an answer and cross-petition, the allegations of which were traversed by plaintiff's reply. There was a trial to a jury resulting in a verdict against the defendant Leo Berry in a sum stated, a finding for plaintiff on defendant's cross-petition, and judgment was entered thereon. From the judgment overruling his motion for a new trial, the defendant Leo Berry appeals.

The first assignment of error here presented challenges the correctness of the trial court's ruling upon the demurrer. So far as the general demurrer is concerned, it is of course waived by the subsequent answer of the demurrant. It is insisted, however, that the demurrer for "misjoinder of parties defendant" should have been sustained. An inspection of the record discloses, however, that no demurrer on this ground appears therein. "Misjoinder of parties defendant" is not the legal equivalent of "a defect of parties defendant."

"A defect of parties means an absence of necessary parties and the objection that there are too many parties cannot be reached by a demurrer on this ground." 6 Standard Ency. of Procedure, 899. See, also, *Boldt v. Budwig*, 19 Neb. 739.

The cross-petition of the defendant set up a claim for damages alleged to have been caused by negligence of the plaintiff in driving defendant's automobile, which it is alleged resulted in wrecking and injuring the same, causing damages in the sum set forth. The trial court in its instruction No. 12 epitomized the allegations of defendant's cross-petition, including a number of specific and distinct allegations of negligence on the part of the plaintiff set forth therein, and added to this summary this direction: "If the defendant has failed to prove *each one and all* of the foregoing allegations of his cross-petition by a preponderance of the evidence, or if the evidence thereto be

evenly balanced, * * * then the defendant cannot recover upon his cross-petition and your verdict should be for the plaintiff thereon." (Italics ours.)

It is manifest that a defendant does not have to prove everything he alleges in his cross-petition, provided what he does prove constitutes a good cause of action against the plaintiff. In view of the evidence before us, we are convinced that instruction No. 12, in the form given, was both erroneous and prejudicial, and the defendant was thereby deprived of a fair submission of his cross-petition to the jury.

It follows that, for the reasons stated, the judgment of the trial court should be, and hereby is, reversed and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.