FREDERICK H. ARCHER, APPELLANT, V. G. MEREDITH MUSICK, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF G. MEREDITH MUSICK, ARCHITECT ENGINEER, APPELLEE.

23 N. W. 2d 323

FILED JUNE 7, 1946. No. 32067.

S. L. O'Brien and Charles A. Fisher, for appellant.

Mitchell & Gantz, Donald E. Williams, and Bert E. Church, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action by Frederick H. Archer, plaintiff and appellant, against G. Meredith Musick, doing .business as G. Meredith Musick, Architect Engineer, defendant and appellee. The action is in 40 causes of action. The first cause of action is for the recovery of overtime pay, penalty, and attorney's fees claimed to be due plaintiff on account of service performed by him in excess of 40 hours per week under a contract of hiring which was controlled by the provisions of Title 29, sections 201 to 219, inclusive, U. S. C. A., being what is known as the Fair Labor Standards Act of 1938, and for costs. The other 39 causes of action are by plaintiff as assignee of 39 other persons having like claims.

A demurrer was filed to the petition on the ground that there was a misjoinder of causes of action and a defect of parties. The demurrer was sustained as to all except the first cause of action. Motion was filed by plaintiff requesting leave to docket the 39 causes of action as separate actions. The motion was overruled and the leave requested was denied, whereupon the 39 causes of action were by the court dismissed.

From the orders sustaining the demurrer and overruling the motion to separately docket and the judgment of dismissal, the plaintiff has appealed.

The stated grounds for reversal are (1) that the court erred in sustaining defendant's demurrer on the ground of misjoinder of causes of action, and of parties plaintiff, and (2) that the court erred in refusing to permit plaintiff on motion to amend and file several petitions for each of his causes of action and to separately docket the same.

A summary of the allegations of the petition which are important in arriving at a decision upon the questions involved in this appeal is the following: The defendant was an architect engineer engaged in the production of goods for commerce at the Alliance Air Support Transport Glider Station in Box Butte County, Nebraska. On or about May

26, 1942, plaintiff was employed by defendant as a guard at the station at an annual rate of pay of $1,620 per annum for 2,000 working hours or a weekly rate of $30.75 for a 40-hour week. The relationship was controlled by the provisions of the afore-mentioned Fair Labor Standards Act. The plaintiff worked 192 hours overtime during the period of his employment. For this overtime he was entitled, under the Fair Labor Standards Act, to receive for the overtime $223.44, or one and one-half times the rate of pay for regular time under the contract of employment, and also an equal sum as a penalty, or a total of $446.88, together with a reasonable attorney's fee to be taxed as costs. The other 39 causes of action are drawn on the same theory and are each for overtime for other employees engaged in similar employment to that of plaintiff. The statements, as finally presented with amendments, each contain a recital of assignment to plaintiff for the purpose of suit. Plaintiff by virtue of the assignments instituted suit on the 39 causes and joined them with his own, which is the first cause of action.

It was this joinder of the 39 causes of action with the first that the district court held amounted to a defect of parties and a misjoinder of causes of action.

Plaintiff insists that there was neither defect of parties nor misjoinder of causes of action. The first ground for this contention is that this form of action and this joinder of causes is specificially authorized by the Fair Labor Standards Act.

That action in this form and substance is authorized by the Act is beyond question. The authority is contained in Title 29, subsection (b), section 216, U. S. C. A., as follows:

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or

more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Appellee contends, however, that this is not controlling where the action for recovery is in a state court; that when the action is in the state court the procedure of the state court with regard to joinder of parties and causes of action is controlling; and that the type of joinder here is not permissible under Nebraska law pertaining to procedure.

We have found no difficulty in arriving at the conclusion that an action in a state court for recovery under a United States statute is controlled by the procedural rules of the state. This conclusion is supported by an abundance of authority. In Rockwood v. Crown Laundry Co., 352 Mo. 561, 178 S. W. 2d 440, the rule is stated as follows: "Since plaintiff seeks relief in a state court, the jurisdiction of the state court must be invoked in conformity with local law and practices and even though the right sought to be enforced arises under federal law, the state rules of practice and procedure govern as to all matters pertaining to the remedy." This statement follows a previous pronouncement of the rule and an exhaustive explanation of the reasons therefor in Minneapolis & S. L. R. R. Co. v. Bombolis, 241 U. S. 211, 36 S. Ct. 595, 60 L. Ed. 961.

The second contention of plaintiff is that the type of joinder here is permissible under the laws of Nebraska. It is urged that this is a class action and as such is maintainable in the manner instituted and also that it is maintainable under statutes specially authorizing joinder of causes of action.

Class actions are permissible under the statutes of this state. The statute declaring the right provides as follows: "When the question is one of a common or general interest

of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." § 25-319, R. S. 1943.

The statute has never been construed but it has been applied in Folts v. Globe Life Ins. Co., 117 Neb. 723, 223 N. W. 797; Whaley v. Matthews, 134 Neb. 875, 280 N. W. 159; Clark v. Lincoln Liberty Life Ins. Co., 139 Neb. 65, 296 N. W. 449; May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448. It has been applied without reference in a number of other cases including Allen v. City of Omaha, 136 Neb. 620, 286 N. W. 916, and Wightman v. City of Wayne, 146 Neb. 944, 22 N. W. 2d 294.

In each of the cases cited it was clear that from any viewpoint the question involved was of common and general interest to many persons and also that it was impracticable to bring all of them before the court. It therefore was unnecessary to define class action. We do not deem it necessary or expedient to do so here. We shall limit ourselves to a determination of the question of whether or not this is a type of class action within the meaning of the statute.

We do not think that this is a class action. The petition does not bring the action either directly or by clear implication within the purview of the statute. An action may not be maintained as a class action by a plaintiff in behalf of himself and others unless he has the power as a member of the class to satisfy a judgment in behalf of all members of the class. Vashon Fruit Union v. Godwin & Co., 87 Wash. 384, 151 P. 797. No one would contend here that plaintiff could satisfy judgments obtained on the 39 causes of action on any class action theory. It is of course true if judgments were obtained plaintiff could satisfy them but that would be on the basis of transfer thereof to him by assignment and not as representative of a class within the meaning of the statute.

We think this is sufficient to show that this case may not be termed a class action within the meaning of section 25-319, R. S. 1943.

Plaintiff contends further that he has the right to maintain the 39 causes of action as assignee. To sustain his position he relies on the provisions of sections 25-301, 25-302, and 25-304, R. S. 1943. They are:

Section 25-301: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 25-304."

Section 25-302: "The assignee of a thing in action may maintain an action thereon in his own name and behalf, without the name of the assignor."

Section 25-304: "An executor, administrator, guardian, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way, and assignees of choses in action assigned for the purpose of collection, may sue on any claim assigned in writing, but such assignee shall be required to furnish security for costs as in case of nonresident plaintiffs."

It will be noted that section 25-301 requires that every action must be prosecuted in the name of the real party in interest with exceptions which are contained in section 25-304. One of the exceptions is that a chose in action assigned for the purpose of collection may be sued in the name of the assignee, if the assignee furnish security for costs. It will be further noted that section 25-302 permits an assignee of a thing in action to maintain action thereon in his own name and behalf.

It is under the exception of section 25-304 and the apparent exception of section 25-302 that plaintiff contends that he is entitled to maintain action on the 39 causes of action.

He may claim no right under section 25-302, since this is not an exception to section 25-301. It is a provision which permits a party when he has in fact become the owner of a thing in action by assignment to bring action thereon in

his own name without naming the assignor. See Huddleson v. Polk, 70 Neb. 483, 97 N. W. 624.

Clearly though under section 25-304, plaintiff has the right to maintain action on the causes of action as assignee for collection on giving security for costs. Whether or not plaintiff gave security for costs is not ascertainable from the transcript but no objection is urged by defendant on that ground.

To sustain his right to join the causes of action which he has the right to institute as assignee for collection with one declaring his own right plaintiff relies on section 25-701, R. S. 1943, as follows: "The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, when they are included in any of the following classes: (1) The same transaction or transactions connected with the same subject of action; (2) contracts, express or implied; (3) injuries with or without force to person and property or either; (4) injuries to character; (5) claims to recover possession of personal property, with or without damages for the withholding thereof; (6) claims to recover real property with or without damages for the withholding thereof and the rents and profits of the same; and (7) claims against a trustee by virtue of a contract, or by operation of law."

This section is limited by section 25-702, R. S. 1943, as follows: "The causes of action so united must affect all the parties to the action, and not require different places of trial."

The defendant contends that the limitation of section 25-702 upon section 25-701 prohibits a joinder of the 39 causes of action with the first for the reason that the causes of action so united would not affect all the parties to the action. The theory of this contention is that while plaintiff is nominally the party in interest the real parties in interest are the assignors respectively of the 39 causes of action.

If this theory of the defendant is correct then his contention in this connection must be sustained. It is obvious

that a judgment on any one of the causes of action would have no relation to any other cause of action; and if the assignors are the real parties in interest it becomes equally obvious that the causes of action united do not affect all of the parties to the action. The limitation of section 25-702 would therefore prevent a joinder of the causes of action in a single action.

This statute has been construed from the viewpoint of misjoinder of causes of action against several defendants. See Barry v. Wachosky, 57 Neb. 534, 77 N. W. 1080; School District v. De Long, 80 Neb. 667, 114 N. W. 934; Raapke & Katz Co. v. Schmoller & Mueller Piano Co., 82 Neb. 716, 118 N. W. 652; Radcliffe v. Lavery, 100 Neb. 31, 158 N. W. 387; Drainage District v. O'Neill, 109 Neb. 552, 191 N. W. 685; Sickler v. City of Broken Bow, 143 Neb. 542, 10 N. W. 2d 462. In all of these cases it was held that there could be no joinder unless the judgment sought would affect all of the defendants, that is the judgment on all joined causes of action would affect all parties defendant.

It would seem that the statute admits of no different interpretation for parties plaintiff. It therefore becomes necessary to ascertain whether the plaintiff herein is, or the assignors are, the true parties plaintiff as to the 39 causes of action, within the meaning of the law.

Sections 25-301 and 25-302, R. S. 1943, are sections 29 and 30 of the Code of Civil Procedure. In Hoagland v. Van Etten, 22 Neb. 681, 35 N. W. 869, in passing on the misjoinder of causes of action in an action instituted by the assignee on purely formal assignments without being the real party entitled to the avails of the suit, the same as in this case, the court held that action could not be maintained by an assignee since he was not the real party in interest. At that time suit by assignee for collection was not permissible. Permission to sue as assignee for collection came with an amendment to section 32 of the Code in 1913 as follows: "and assignees of choses in action assigned for the purpose of collection, may sue on any claim assigned in writing, but such assignee shall be required to furnish

security for costs as in case of non-resident plaintiffs." Laws 1913, ch. 166, §1, p. 509. This section of the Code as amended is 25-304, R. S. 1943.

The effect of this decision is to say that an assignee for collection is not a real party in interest. In the opinion it was said: "We hold, therefore, that an assignee having no interest in the result of the suit, and not entitled to any portion of the proceeds thereof, is not entitled under section 29 to maintain an action as the real party in interest."

We conclude therefore that the demurrer on the ground of misjoinder of causes of action was properly sustained. There can be no doubt that under the exceptions of section 25-304, R. S. 1943, the plaintiff herein had authority to institute action on his own cause of action as well as the 39 others but that since the judgment on no cause of action would affect the real party in interest in any other cause of action the causes were improperly joined.

The objection of defendant that there was a defect of parties plaintiff, we think, is without merit. Defendant's contentions in this respect are not without support in the decisions of other jurisdictions but we do not believe that their reasoning is sound when applied to the facts pleaded in the petition herein and applicable statutes. A case in point supporting the contention is Rockwood v. Crown Laundry Co., *supra*.

Our statute (section 25-806, R. S. 1943) permits demurrer on account of defect of parties. In Salisbury v. Berry Motor Co., 122 Neb. 605, 241 N. W. 86, in interpretation of the statute, this court approved the following from 6 Standard Ency. of Procedure, 899: "A defect of parties means an absence of necessary parties and the objection that there are too many parties cannot be reached by a demurrer on this ground." This is a case wherein this court has attempted to define the term "defect of parties" as used in this statute. It follows Boldt v. Budwig, 19 Neb. 739, 28 N. W. 280; Davey v. County of Dakota, 19 Neb. 721, 28 N. W. 276, and County of Lancaster v. Rush, 35 Neb. 119, 52 N. W. 837. In other cases there is an indication that it

means misjoinder of unnecessary parties as well as the absence of necessary parties.

Johnson, v. Platte Valley Public Power & Irrigation District, 133 Neb. 97, 274 N. W. 386, was a case wherein objection was made under the statute in question here that there was a misjoinder of plaintiffs, in other words, that there were unnecessary parties plaintiff. The court, without passing directly upon the question of whether or not the question of defect of parties could be raised, said that the question had not been timely presented and then said: "When a defect of misjoinder of parties appears on the face of the petition, it must be raised by a special demurrer."

The substance of this holding has been sustained in Hagadone v. Dawson County Irrigation Co., 136 Neb. 258, 285 N. W. 600, and Cunningham v. Brewer, 144 Neb. 218, 16 N. W. 2d 533. We think therefore that the holding in Salisbury v. Berry Motor Co., *supra*, was too narrow and that to give effect to the intent of the Legislature it must be held that an objection on the ground of defect of parties is available where there is a joinder of unnecessary parties as well as where there is a nonjoinder of necessary parties. Salisbury v. Berry Motor Co., *supra*, and the cases which it follows, are to that extent overruled. Accordingly, therefore, special demurrer on the ground of misjoinder of parties plaintiff was available to defendant herein.

We think, however, that in this case there was no misjoinder of parties plaintiff. As of right the plaintiff was a proper party in the first cause of action. By the terms of section 25-304, R. S. 1943, and the pleadings he was the proper party in the other 39 causes of action. The causes of action were separate and distinct actions and so stated. In order to properly institute actions on the 40 causes of actions no proper plaintiff could be added and none taken away. In this sense it cannot be said that there was a misjoinder of parties plaintiff but only a misjoinder of causes of action. The demurrer on the ground of misjoinder of parties plaintiff was improperly sustained.

After the demurrer was sustained to the 39 causes of

action the plaintiff asked leave of the court to docket each as a separate cause of action. This leave was denied and the causes dismissed.

In the light of our holding that the demurrer was properly sustained on the ground of misjoinder of causes of action but erroneously sustained on the ground of misjoinder of parties the trial court was in error in refusing to allow separate docketing and in dismissing. Section 25-809, R. S. 1943, which is controlling under the circumstances, is the following: "When a demurrer is sustained on the ground of misjoinder of several causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in its discretion, to file several petitions, each including such of said causes of action as might have been joined; and an action shall be docketed for each of said petitions, and the same shall be proceeded in without further service."

By this section plaintiff was granted the right, on motion, to have a separate docketing of the causes of action, subject only to the discretion of the court on the matter of taxing costs.

For the reasons herein stated the cause is reversed and remanded with directions to the district court to vacate its order of dismissal, to vacate that portion of its order sustaining the demurrer on the ground of misjoinder of parties, and to enter an appropriate order allowing separate docketing of the 39 causes of action.

REVERSED WITH DIRECTIONS.

CHAPPELL, J., dissenting.

I am unable to agree with the majority opinion and respectfully dissent.

The question presented is whether there was a defect of parties plaintiff and a misjoinder of causes of action. The majority opinion in effect holds that there was not a defect of parties plaintiff and that plaintiff had the right to separately maintain his own cause of action, as well as the 39 others assigned to him for collection, but that since he was not the real party in interest as to the latter there was a misjoinder of all causes of action in one action because a

judgment in no cause of action would effect the real party in interest in any other cause of action.

Doubtless it would be well in the beginning to examine plaintiff's petition wherein he states: " * * * and plaintiff brings this action for and in behalf of himself and every employee whose claim has been assigned to him and who is similarly situated and this assignment is for the purpose of collection only as provided for in Fair Labor Standards Act, Title 29, Section 216, Sub Section B. U. S. C. A. Annotated." The separate assignments to plaintiff, which are a part of plaintiff's petition, assigned each respective claim to plaintiff without reservation and constituted and appointed him for his sole use and benefit " * * * to ask, collect, demand, sue for, in his own name and right, receive, compound and give acquittances for said claim or claims, or any part thereof."

After defining the extent of the civil liability of an employer to his aggrieved employee for violation of section 206 or section 207 of the Fair Labor Standards Act, the federal statute referred to in plaintiff's petition provides: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, *or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated.*" (Italics supplied.)

At the outset I am of the belief that such federal statute attempts in no manner to direct or control procedure in any court, either federal or state. It is substantive law thereby creating and conferring new rights upon employees which never theretofore existed. As stated by Judge Delehant in Booth v. Montgomery Ward & Co., 44 F. Supp. 451: "The legislation was a novel venture. It did not merely declare and implement an existing, but hitherto undefined, right. It created a new right. And it appropriately provided the jurisdiction within which that right might be enforced. Its action in that behalf, the general validity of the legisla-

tion having been judicially affirmed, must not now be nullified by narrow or captious judicial construction. The basic right being allowed, its vindication must not be defeated by burdensome procedural restrictions, unless the congress, by clear mandate, has itself imposed them." Thereupon that court remanded the case to the district court for Lancaster County, Nebraska.

Be that as it may, for the purposes of this case, the federal statute may be construed as procedural and arrive at the same result because it is not in conflict but entirely in accord with our own statutory procedure.

One of the exceptions contained in section 25-304, R. S. 1943, is that: " * * * a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted." In Hargrave v. Mid-Continent Petroleum Corp., 36 F. Supp. 233, construing a like statute, it was said: "The act, being remedial in nature, should be construed liberally so as to afford relief within the legislative intent. When so construed, and in the light of the sections of the Oklahoma Statutes authorizing suits to be brought by persons expressly authorized by statute, and further allowing class actions to be brought, an agent who is designated by employees to bring an action in their behalf is 'a person expressly authorized by statute' to bring an action. The plaintiff in this case has the right to bring such action in behalf of the employees, who have designated him as their agent, and all others similarly situated, in either the state or federal court."

In Mid-Continent Pipe Line Co. v. Hargrave, 129 F. 2d 655, such an action was brought by plaintiff as agent for 56 named watchmen or guards. In the opinion it was said: "The final contention is that plaintiff was not the real party in interest, that the action was not maintainable in his name in the state court, and that on removal to the United States Court it could not be maintained in that manner. The several claimants signed a written instrument in which it was recited that they employed plaintiff to represent them in the collection of the overtime from the two com-

panies, gave him authority to represent them in or out of court, and appointed him as their agent. Section 16 (b) of the act, supra, provides inter alia that an action for the recovery of overtime compensation and liquidated damages may be maintained in any court of competent jurisdiction in the name of the employee or employees in interest or in the name of a designated agent; and Title 12, section 223, Oklahoma Statutes 1941, provides inter alia that a person expressly authorized by statute may bring an action without joining with him the person for which benefit it is prosecuted. * * * Section 16 (b) supra, and Title 12, section 223, supra, construed together, clearly authorized the maintenance of the action in the state court in the name of the agent, and it was likewise maintainable in that manner after removal."

In La Guardia v. Austin-Bliss General Tire Co., 41 F. Supp. 678, it was said: "The contention that jurisdiction is lacking because plaintiff sues as assignee does not, in my opinion, have any merit. The Act permits the maintenance of the action by one designated as agent or representative in behalf of the employees affected. An assignee, in my opinion, is such an one." Citing cases.

The exception "a person expressly authorized by statute" was applied in state courts to a person authorized to sue by federal statute as early as 1890 in Peters v. Foster, 10 N. Y. S. 389. See, also, 47 C. J., Parties, § 77, p. 40. As a matter of fact as early as 1883 in Watson v. Watson, 49 Mich. 540, 14 N. W. 489, it was held that a person expressly authorized by statute to prosecute an action could do so even without an assignment of the cause of action.

Under the circumstances in this case it seems only logical to hold that plaintiff in the case at bar was "a person expressly authorized by statute" who might bring the action as assignee without joining with him the persons for whose benefit it was prosecuted. If that be true, then he was the real party in interest and there was not a misjoinder of causes of action. Although that result would seem conclusive for the reasons heretofore stated, there are other rea-

sons as cogent requiring the same result.

The majority opinion is premised primarily upon the holding in Hoagland v. Van Etten, 22 Neb. 681, 35 N. W. 869, decided in 1888. It was an action by plaintiff to foreclose a mechanic's lien for material furnished by him personally and by others whose claims were formally assigned to plaintiff for the admitted purpose of enabling him to bring the action for the benefit of all. It was held in the opinion that plaintiff was not the real party in interest and did not come within any exception, therefore, he could not maintain the action. Thereupon the case was reversed and remanded for further proceedings. Upon rehearing, reported 23 Neb. 462, 36 N. W. 755, this court adhered to its former decision that the plaintiff was not the real party in interest or within any statutory exception, however, the court modified its former opinion, in the furtherance of justice, thereby permitting plaintiff to acquire all of the interest of the assignors, beneficial as well as legal, within 30 days to enable plaintiff to maintain the action and avoid the statute of limitations. Plaintiff so acquired all the interest of the others and the case was tried on the merits. Plaintiff recovered and appeal was taken to this court. The opinion affirming that judgment is reported 31 Neb. 292, 47 N. W. 920. It is interesting to note that plaintiff was permitted therein to maintain and recover not only upon his own claim but upon the claims that were assigned to him. Further it was said in the opinion: "As to the other creditors, he was in fact a trustee, and it is possible the action might have been sustained on that ground, although that is not clear."

I call attention to the fact that in Meeker v. Waldron, 62 Neb. 689, 87 N. W. 539, decided in 1901, plaintiff brought an action as trustee or agent for four creditors of the defendant to foreclose a chattel mortgage. The assignment to him assigned, transferred, and set over to plaintiff as the "legal agent and trustee" of the claimants the mortgage and notes and authorized him to collect and discharge the same. It was contended by defendant that plaintiff was not

the real party in interest since the creditors had the beneficial interest. This court held otherwise, primarily upon the basis that plaintiff was " * * * a person with whom or in whose name a contract is made for the benefit of another may bring an action without joining with him the person for whose benefit it is prosecuted," a specific exception provided in section 25-304, R. S. 1943. Further this court in so holding, placed its approval upon a holding in cited Iowa cases to the effect that " * * * 'the party holding the legal title to a cause of action, though he be a mere agent or trustee with no beneficial interest therein, may sue thereon in his own name.' " See, also, Huddleson v. Polk, 70 Neb. 483, 97 N. W. 624, opinions on rehearings 70 Neb. 489, 100 N. W. 802, and 70 Neb. 492, 102 N. W. 464 respectively.

In any event all three of the Hoagland v. Van Etten cases were decided before the exception " * * * and assignees of choses in action assigned for the purpose of collection, may sue on any claim assigned in writing," was placed in the statute by an amendment. Laws 1913, ch. 166, §1, p. 510. The truth is, as will hereinafter be observed, this court followed the minority rule in the above cases but the Legislature attempted to remedy that very situation by adding the above provision to the statute, thereby making such an assignee for collection an exception to the real party in interest statutory requirement, when, in fact, such an assignee always was the real party in interest. The majority opinion it seems would make that exception meaningless and give it no force or effect in cases similar to the one at bar by holding that in spite of it plaintiff was not the real party in interest. Regardless of the holding in Hoagland v. Van Etten, *supra,* I believe the Legislature has by the aforesaid provision made an assignee for collection the real party in interest.

In the light thereof, I inquire what is the test by which it can be determined whether an assignee or agent for collection is the real party in interest? According to the theory of most courts the real party in interest is that person who can discharge the claim upon which suit is brought

and control the action brought to enforce it, and not necessarily the person ultimately entitled to the benefit of the recovery or the person beneficially interested. It is enough for defendant to know that plaintiff is the party in legal interest and that a recovery by him will be full protection against a subsequent suit by another. 39 Am. Jur., Parties, § 17, p. 872; 6 C. J. S., Assignments, § 125, p. 1178; 47 C. J., Parties, § 70, p. 34, and § 71, p. 35.

In that connection it should be observed that section 25-303, R. S. 1943, specifically provides that "An action by the assignee of a thing in action shall be without prejudice to any counterclaim or defense existing between the original parties; * * * ."

It has been authoritatively stated that "Although an assignment merely for collection does not transfer the beneficial ownership to the assignee, such an assignment, when made absolutely with respect to a chose capable of legal assignment, vests the legal title thereto in the assignee, so that he may collect from the debtor, who may discharge himself by making payment to such assignee.

"An assignee for collection usually occupies a fiduciary relationship to the assignor similar to that of a trustee or agent, and he has the corresponding rights and obligations." 6 C. J. S., Assignments, § 94, p. 1151.

It has also been held that such an assignee "* * * may prosecute an action thereon in his own name as the real party in interest or as a trustee of an express trust; * * *" which is another exception provided in section 25-304, R. S. 1943. 5 C. J., Assignments, § 144, p. 958.

The rule supported by the weight of authority is that an assignee is the real party in interest and therefore entitled to sue if he has the legal title to the chose, or such title that payment to him will discharge the debtor from any further liability. 5 C. J., Assignments, § 198, p. 994. It is held by a great majority of the courts that an assignee may sue in his own name as the real party in interest, although by the terms of the assignment he is bound to account to the assignor for the proceeds recovered, or to apply them as directed, or he is otherwise a mere agent or attorney for col-

lection. 5 C. J., Assignments, § 200, p. 995, citing in support thereof Huddleson v. Polk, *supra,* and Meeker v. Waldron, *supra,* and Hoagland v. Van Etten, *supra,* as contra. See, also, 6 C. J. S., Assignments, § 125, p. 1179.

In referring to the statutes requiring all actions to be prosecuted in the name of the real party in interest, it is said in 4 Am. Jur., Assignments, § 123, p. 328: "An assignee for collection is generally considered to be the real party in interest under these statutes, though he is to account to the assignor for the proceeds of the action; * * * ."

Likewise, in Pomeroy's Code Remedies (5 ed.), § 70, p. 106, it is said: "Analogous to the subject discussed in the preceding paragraph is the question whether an assignee, to whom a thing in action has been transferred by an assignment which is absolute in its terms, so as to vest in him the entire legal title, but which, by means of a contemporaneous and collateral agreement, is, in fact, rendered conditional or partial, is the real party in interest. It is now settled by a great preponderance of authority, although there is some conflict, that if the assignment, whether written or verbal, of anything in action is absolute in its terms, so that by virtue thereof the entire apparent legal title vests in the assignee, any contemporaneous collateral agreement by virtue of which he is to receive a part only of the proceeds, 'and is to account to the assignor or other person for the residue, or even is to thus account for the whole proceeds, or by virtue of which the absolute transfer is made conditional upon the fact of recovery, or by which his title is in any other similar manner partial or conditional,' does not render him any the less the real party in interest; he is entitled to sue in his own name, whatever collateral arrangements have been made between him and the assignor respecting the proceeds. The debtor is completely protected by the assignment, and cannot be exposed to a second action brought by any of the parties, either the assignor or other, to whom the assignee is bound to account. This is the settled doctrine in most of the States."

It will be noted then that the above, and I think better,

rules prevail in a great majority of the courts even in the absence of a specific provision such as appears in our statute to the effect that " * * * assignees of choses in action assigned for the purpose of collection, may sue on any claim assigned in writing, * * * ."

It has also been stated: " * * * that causes of action arising out of contracts between different persons and defendant may, if assigned to one plaintiff, be joined and enforced in the same action, particularly where the contracts are identical in terms, and the same state of facts is alleged as constituting a breach of each contract, * * * ." 1 C. J. S., Actions, § 97, p. 1278. It has been held in many cases " * * * that there is no impropriety in joining a cause of action held by plaintiff in his own right with one acquired by him by assignment; * * * ." 1 C. J. S., Actions, § 97, p. 1281. See, also, Sroufe v. Soto, 5 Ariz. 10, 43 P. 221; Mosher v. Bellas, 33 Ariz. 147, 264 P. 468; United Verde Extension Mining Co. v. Ralston, 37 Ariz. 554, 296 P. 262.; Nierman v. White's Motor Parts, Inc., 269 Mich. 608, 257 N. W. 751; Sullivan v. Fidelity & Casualty Co. of New York, 208 Mich. 68, 175 N. W. 397, affirmed on rehearing at 210 Mich. 625, 178 N. W. 39.

In McNorrill v. Gibbs, 45 F. Supp. 363, plaintiff brought an action similar to the one at bar, setting up therein two claims severally to recover for himself and another who authorized plaintiff in writing to institute suit in his behalf and nominated him as agent and representative to do any and all things necessary to a successful prosecution of the action. Under such circumstances the court found that there was not a misjoinder of causes of action.

If plaintiff in the case at bar held the legal title to the choses in action assigned to him for collection, and thus had a right to maintain an action thereon as the real party in interest, it follows that any judgment upon any one or all of the causes of the action, including his own personal claim, affected all the parties to the action and were triable in the same place in conformity with section 25-702, R. S. 1943, and there could be no misjoinder of causes of action

unless for some other reason in law which I have been unable to discover.

Lest it be argued that there was a misjoinder of causes of action for other reasons, it should be said that I believe the action comes squarely within the following provisions of section 25-701, R. S. 1943, to wit: "The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, when they are included in any of the following classes: (1) The same transaction or transactions connected with the same subject of action; (2) contracts, express or implied; * * * ."

The causes of action all involve express contracts of the same character of which the federal statute was a part. The contracts were all alleged to have been made and violated by the same defendant with employees who were required to perform similar duties for defendant at or about the same time.

Further they all involve "transactions connected with the same subject of action," a right of recovery by reason of a violation of the federal statute which was an integral part of their contracts. True, the causes of action did not arise out of the same transaction. They could be joined in one action if they arose out of the same transaction but that is not necessarily required because they may be joined if they arose out of different transactions but are connected with the same subject of action. A transaction is whatever may be done by one person which affects another's rights and out of which a cause of action may arise. The words "subject of action" mean something different from "cause of action" or "transaction." Its meaning in all types of cases is ably and comprehensively discussed in the leading case McArthur v. Moffett, 143 Wis. 564, 128 N. W. 445. The conclusion must be that in cases similar to the one at bar, where the subject of action is intangible, the basic and fundamental element in determining whether the causes joined are connected with the same subject of action is plaintiff's main primary right for the invasion of which the

action is brought, to wit: The right to recover by reason of defendant's violation of the federal statutes which was a part of all the contracts.

The words "transactions connected with the same subject of action" were enacted for the very purpose of making broad and comprehensive provisions for joinder of causes of action in the interest of justice when there is some substantial unity between them. The wording is general to the last degree and was so written with the intent that it should apply to the myriads of complicated actions that might arise in modern times. 1 Am. Jur., Actions, § 84, p. 470, and § 77, p. 465.

It is now recognized that the leading principle in our modern system of procedure is the avoidance of a multiplicity of suits and the settlement in one action of the respective claims of all parties when they are of such nature as to admit of adjustment in that mode. The courts when confronted with permissive joinder of causes of action now recognize that they must exercise a wise discretion and construe such statutory provisions liberally, remembering that they are remedial in nature. In so doing courts should make such statutes as effectual as possible to promote and expedite the administration of justice, thereby preserving economy and efficiency in courts which are so badly needed now in our complicated system of society. 1 C. J., Actions, § 239, p. 1082; 1 C. J. S., Actions, § 77, p. 1222.

The procedural statutes of this state certainly do not require that there be 40 different trials in the same place before 40 different juries or courts in cases like the one at bar. There is but one question of law involved and one trial before one jury or court with one set of instructions and one verdict or decree can and should dispose of all the causes of action with dispatch, economy, efficiency, and justice for all the parties involved. I am of the firm belief that the judgment of the trial court should be reversed and remanded for trial in one action.

CARTER and WENKE, JJ., concur in the dissent.